**UNITED STATES of America,**
**Appellee,**

v.

**Albert C. KOSKA, Defendant-Appellant.**

**No. 971, Docket 71-1244.**

United States Court of Appeals,
Second Circuit.

Argued May 28, 1971.

Decided June 10, 1971.

---

3. 32 C.F.R., § 1632(14) (a) is the regulation that covers induction.

Marvin B. Segal, New York City (Neal J. Hurwitz, Segal & Hundley, New York City, on the brief), for defendant-appellant.

James W. Rayhill, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., for the S. D. N. Y., Arthur A. Munisteri, Ross Sandler, Asst. U. S. Attys., on the brief), for appellee.

Before KAUFMAN, HAYS and MANSFIELD,* Circuit Judges.

* Of the United States District Court for the Southern District of New York, sitting by designation when argument was heard.

**PER CURIAM:**

This is an appeal from a judgment of the United States District Court for the Southern District of New York convicting defendant after trial by jury of unlawfully giving $750 to Internal Revenue Agent Leopold C. Fasone with intent to influence his action on a field audit examination of the tax returns of certain of appellant's clients in violation of 18 U.S.C. § 201(b) (1964).

The principal contention raised by appellant concerns the use by the jury at trial and during deliberations of a transcript of conversations between agent Fasone and appellant secretly tape-recorded by Fasone. The transcript was prepared by the government and stipulated as accurate except in two immaterial respects after over 50 hours of work by attorneys for both sides. The jury was allowed to read the transcript while listening to the 5 hours of tape, and later, in response to an explicit request, was allowed to have twelve copies of the transcript during deliberations.

■ We find no error in this procedure, particularly in light of the fact that the transcripts were stipulated to be accurate. Admission of accurate transcripts as an aid in listening to tape recordings has been held to be a matter within the discretion of the trial judge. Fountain v. United States, 384 F.2d 624, 632 (5th Cir. 1967), cert. denied sub nom., Marshall v. United States, 390 U.S. 1005, 88 S.Ct. 1246, 20 L.Ed.2d 105 (1968). No good reason appears for denying the transcript to a jury which has requested it, where, as here, the jury has already heard the tape and the tape is long and cumbersome. Here the trial judge took the precaution of rendering proper limiting instructions even though the transcript was stipulated to be accurate.[1]

■ Appellant also contests the admissibility of evidence offered by the government that appellant had previously participated in the bribery of another Revenue Service employee. The evidence was relevant to show the propensity and predisposition of appellant to commit the crime charged in order to counter appellant's defense of entrapment, and was clearly admissible. United States v. Viviano, 437 F.2d 295, 299 (2d Cir. 1970), cert. denied, 402 U.S. 983, 91 S.Ct. 1659, 29 L.Ed.2d 149 (May 17, 1971).

■ The testimony of an officer of the taxpayer that he had, on another occasion, paid a bribe to an Internal Revenue agent in a situation in which appellant was not involved was introduced for the purpose of anticipating an attempt on cross-examination to discredit the witness and was proper for this purpose. The jury could not have been confused as to the purpose of this evidence.

■ The remainder of appellant's contentions are palpably without merit. The case was properly presented to the grand jury on the testimony of Fasone's supervisor, Atkinson, who heard the conversation through a listening device as it was taking place. His testimony was not hearsay. The fact that all available witnesses were not called would not vitiate the indictment even if the grand jury *had* received hearsay testimony. United States v. Leibowitz, 420 F.2d 39 (2d Cir.

---

1. "Now let me tell you, further, that although the lawyers have agreed on this transcript as being accurate, with the two exceptions I have indicated to you, it is true in this instance, as in all others, that you, the members of the jury, are the ultimate deciders of the facts, and let me particularize what that means in this specific context:

If at any line of this typed transcript you together hear on the tape something different from what the lawyers have agreed it says, it is your hearing that controls, not mine, not theirs. They are not the triers of fact, neither am I. You are. Now, I am not saying that that will happen, but it could happen, because if my information is correct; some of these portions of the tape are not easy to hear or easy to decipher with your ears, and it is your senses and your judgment about that that ultimately control, and that applies here and everywhere in the case; if there are any exceptions to that, it is my job to tell you about them."

1969). The appellant's contention that the tape recordings themselves are inadmissible, though consented to by one of the parties to the conversation, is precluded by United States v. Kaufer, 406 F.2d 550 (2d Cir.), aff'd, 394 U.S. 458, 89 S.Ct. 1223, 22 L.Ed.2d 414 (1969). Similarly, appellant's argument that the Fourth Amendment prevented the government from recording the conversations is foreclosed by the recent Supreme Court opinion in United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed. 2d 453 (April 5, 1971).

We affirm the conviction.