UNITED STATES of America,
Plaintiff-Appellee,

v.

Joseph Langster SMITH,
Defendant-Appellant.

No. 76–1171.

United States Court of Appeals,
Sixth Circuit.

Argued June 10, 1976.

Decided July 7, 1976.

Rehearing Denied Aug. 11, 1976.

Lee B. Steinberg, Detroit, Mich. (Court-appointed CJA), for defendant-appellant.

Ralph B. Guy, Jr., U.S. Atty., Detroit, Mich., James A. Hunolt, c/o T. George Gilinsky, Washington, D.C., Geoffrey A. Anderson, U.S. Dept. of Justice, Washington, D.C., Karen Skrivseth, Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before WEICK, PECK and McCREE, Circuit Judges.

**PER CURIAM.**

Appellant Smith was convicted by a jury of two counts of perjury committed before a grand jury, 18 U.S.C. § 1621. Tape recordings of his conversations with an undercover police agent who had been equipped with a concealed transmitter were received in evidence as proof of the falsity of his statements to the grand jury. On appeal he contends that the trial court erred in admitting, over his objection, transcripts of the conversations that were prepared by government agents. He contends that the transcripts are inaccurate and prejudicial, and that they should not have been admitted until the trial judge had assured himself of their accuracy by comparing them, *in camera,* with the tapes.

We believe that the Second Circuit stated the correct rule in *United States v. Bryant,* 480 F.2d 785, 791 (2d Cir. 1973):

We have approved the procedure of admitting transcripts as an aid in listening to tape recordings where the transcripts were stipulated to be accurate. *United States v. Koska,* 443 F.2d 1167, 1169 (2 Cir.), cert. denied, 404 U.S. 852 [92 S.Ct. 92, 30 L.Ed.2d 92] (1971). See also *Fountain v. United States,* 384 F.2d 624, 632 (5 Cir. 1967), cert. denied sub nom. *Marshall v. United States,* 390 U.S. 1005 [88 S.Ct. 1246, 20 L.Ed.2d 105] (1968); *United States v. Hall,* 342 F.2d 849, 853 (4 Cir.), cert. denied, 382 U.S. 812 [86 S.Ct. 28, 15 L.Ed.2d 60] (1965). In the instant case, however, there was no stipulation as to the accuracy of the transcript. It appears that certain words and phrases were omitted from and added to the transcript. Under these circumstances, it was improper to admit the transcript in evidence. [Footnote omitted.]

Since there was no stipulation here, we too hold that the admission of the transcripts was error.

However, we determine that in this case the admission of the tapes was harmless because it did not affect appellant's substantial rights. F.R.Crim.P. 52(a). Appellant contends that there are 48 errors in the government prepared transcript, but he has

failed to demonstrate that any of the inaccuracies contributed in any respect to his conviction. In addition, we observe that defense counsel knew of the tapes and the transcripts at pretrial, and had an opportunity to compare them at that time. *See United States v. Chiarizio,* 525 F.2d 289, 293–294 (2d Cir., 1975). Moreover, the person with whom appellant had the recorded conversations testified at trial, and there was ample opportunity for appellant to inquire into any of the claimed inaccuracies. Therefore even though the trial court here did not, as in *Bryant,* repeatedly give the jury careful and emphatic instructions regarding the limited use that they could make of the transcripts, we hold, for the reasons stated above, that the admission of the transcripts under the circumstances of this case did not constitute reversible error.

AFFIRMED.