UNITED STATES of America, Appellee,

v.

James APUZZO, Appellant.

No. 1130, Docket 77–1015.

United States Court of Appeals,
Second Circuit.

Argued May 3, 1977.

Decided May 5, 1977.

---

Andrew B. Bowman, Federal Public Defender, New Haven, Conn., for appellant.

Hugh W. Cuthbertson, Asst. U. S. Atty., New Haven, Conn. (Peter C. Dorsey, U. S. Atty., New Haven, Conn., of counsel), for appellee.

Before WATERMAN and GURFEIN, Circuit Judges, and BLUMENFELD, District Judge.*

PER CURIAM:

Apuzzo was convicted in a one-count indictment of having engaged in the business of dealing in firearms without a license in violation of 18 U.S.C. §§ 922(a)(1) and 924(a). In addition to a claim of entrapment, appellant raises three claims of error.

The first relates to a pretrial ruling by Judge Zampano that if the defendant took the stand the court would allow evidence of a New Jersey misdemeanor conviction for the possession and transportation of untaxed cigarettes to be used for impeachment. The appellant took the stand and testified to this prior conviction on direct examination, apparently to avoid the prejudice that might result from its being brought out for the first time on cross-examination. Apuzzo contends that the judge's ruling was prejudicial error under the new Federal Rules of Evidence, Rule 609(a). He contends that the crime mentioned was not the kind of crime which was admissible for impeachment under Rule 609, because it was only a misdemeanor.

In *United States v. De Angelis,* 490 F.2d 1004 (2d Cir.), *cert. denied,* 416 U.S. 956, 94 S.Ct. 1970, 40 L.Ed.2d 306 (1974), we held that a conviction for possession and transportation of untaxed cigarettes, the precise offense here, was not unrelated to veracity, and hence was admissible. Appellant now asks us to hold, however, that in view of the language of Rule 609(a)(2), which requires that in the case of a misdemeanor the conviction involve "dishonesty or false statement," the *De Angelis* case is no longer law. We decline to do so in the circumstances of this case.

The conviction for possession and transportation of untaxed cigarettes is similar to the crime for which appellant was on trial, namely, engaging in the business of dealing in firearms without a license. It was therefore, in any event, admissible as evidence tending to show a predisposition to commit the crime, such evidence being open to proof when the defense is entrapment. *United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); *United States v. Koska,* 443 F.2d 1167, 1169 (2d Cir.), *cert. denied,* 404 U.S. 852, 92 S.Ct. 92, 30 L.Ed.2d 92 (1971). In any event, as we noted in *United States v. Hayes,* 553 F.2d 824, 828 (2d Cir. 1977), a crime which involves defrauding the revenue stands high

* U. S. District Judge for the District of Connecticut, sitting by designation.

in the category of crimes affecting veracity. *See United States v. De Angelis, supra.* We find no error in the ruling below.

■ Appellant also contends that a statement by a government informant called by the appellant to the effect that the defendant was dealing in stolen goods constituted reversible error. We find that the answer was not anticipated by the prosecutor and was non-responsive. The judge immediately told the jury to disregard it. In these circumstances, we hold that the failure to grant a mistrial because of the response of the witness was not error or, if error, was harmless error.

■ The next claim is that with respect to the defense of entrapment there was insufficient evidence of predisposition. We do not agree. The jury could have believed Bourgeois, an informant, who testified that it was Apuzzo who first mentioned the subject of firearms by indicating that he had a number of firearms to sell; that Apuzzo indeed sold these firearms to a stranger before the government agent could buy them; that Apuzzo had called him before the final sale in April 1976, and indicated that he had additional firearms to sell, but that he had been unable to contact Peterson, the government agent. Peterson testified as well that Apuzzo asked him whether he could take any additional rifles and that Apuzzo said he could also procure handguns. Another agent testified that appellant asked whether they would be interested in an additional thirty pistols. The entire tenor of these conversations indicates that Apuzzo was ready without persuasion to commit the offense charged and that there was ample evidence to sustain the jury verdict.

The last question raised on appeal relates to an allegedly improper summation by the Assistant United States Attorney. We have reviewed the summation and while it was vigorous, it did not cross the line of propriety.

Accordingly, the conviction is affirmed.