**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John L. CRANE, Defendant–Appellant.**

**No. 80–5040.**

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 20, 1980.

Decided Oct. 8, 1980.

As Amended Oct. 13, 1980.

S. Richard Holcomb, Chattanooga, Tenn., John Love, Ringgold, Ga., for defendant–appellant.

John H. Cary, U. S. Atty., John Cook, Asst. U. S. Atty., Chattanooga, Tenn., for plaintiff–appellee.

Before WEICK and BOYCE F. MARTIN, Jr., Circuit Judges, and DUNCAN, District Judge.*

PER CURIAM.

This is a direct appeal of a jury verdict finding John L. Crane guilty of transporting and selling two stolen motor vehicles in interstate commerce in violation of 18 U.S.C. §§ 2, 2312, and 2313.

FBI agents, in an undercover capacity, set up and operated a used car lot in Chattanooga, Tennessee for the purpose of developing cases against people suspected of car theft activity. Tape recorders were attached to the telephones at the car lot. The government's case against Crane was founded upon the contents of four recorded conversations which occurred on December 15, 1979. Three of these conversations resulted from incoming calls placed to FBI agent Merryman at the car lot from a person identifying himself as "John" concerning the purchase of two automobiles. The fourth was a call from agent Merryman to a place called John Crane's Garage made after Merryman had made the automobile purchases. Merryman simply asked to speak to John, and the two men then discussed the sale of the autos.

▌Crane contends the conviction should be reversed because the court committed error when it admitted transcripts of tape–recorded conversations without giving limiting instructions which would provide, in effect, that the fact that the name "Crane" was on the tape was not evidence that it was the defendant Crane. Defense counsel requested such an instruction at trial and the court refused. The transcriber had extrinsically labelled the defendant by name

in the transcripts as being the second party to the conversation. Further, defendant alleges error because the court allowed into evidence cover letters accompanying the transcripts which also identified Crane as a party to the conversation.

As the United States notes, defense counsel never claimed that the conversations contained in the transcripts were in any way inaccurate. We have previously held that the admission of tape–recorded conversations and written transcripts is not prejudicial error unless an inaccuracy is found to exist in the transcript. *United States v. Nickerson*, 606 F.2d 156, 158 (6th Cir. 1979); *United States v. Vinson*, 606 F.2d 149, 155 (6th Cir. 1979); *United States v. Smith*, 537 F.2d 862, 863 (6th Cir. 1976). In *Smith* the court held that absent a stipulation as to the accuracy of the transcripts sought to be admitted as an aid in listening to taped recordings, admission of such transcripts was improper. There was a stipulation as to the accuracy of the transcripts in the present case. In *Smith* the court went on to say that even though defense counsel objected, contending there were 48 inaccuracies, allowing the transcript in was nevertheless harmless error since defendant failed to prove these inaccuracies in any way contributed to his conviction. Further, defendant *Smith* failed to inquire about the claimed inaccuracies when examining the witness with whom defendant had recorded the conversations. Since the prejudice in the present case could only be construed to be far less harmful than the prejudice exhibited in the *Smith* case where inaccuracies were obvious, we are compelled to agree no error was committed by admitting the transcripts here.

▌As to the argument concerning identification of Crane as the second speaker in the body of the transcript and in the cover letters, we think the District Court reached the proper conclusion when it reasoned that since agent Merryman, who identified

* Honorable Robert M. Duncan, United States District Judge for the Southern District of Ohio, sitting by designation.

Crane's voice as the party on the tapes both when he called the garage and later when he met with Crane, was available for cross-examination, defendant should not be heard to complain. We find nothing in the record to indicate defense counsel tried to discredit Merryman's identification of Crane.

The decision of the District Court is affirmed.