STATE of Missouri,
Plaintiff-Respondent,

v.

Donny Joe STOUT,
Defendant-Appellant.

No. 47259.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 17, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1984.

Application to Transfer Denied
Oct. 9, 1984.

---

5. The "New Criminal Code," containing § 557.-036.2 was enacted in Laws of 1977 as Senate Bill 60, became effective January 1, 1979.

discharge his counsel; (2) permitting the state to give a transcript of a tape recording to the jurors to read while the tape was played and failing to give a limiting instruction; (3) failing to grant the motion for acquittal or new trial based on insufficiency of evidence regarding entrapment; (4) failing to grant the motion for new trial based upon prosecutorial misconduct; and (5) sentencing Stout to 25 years imprisonment because such sentence was the result of bias and prejudice and is excessive. We affirm.

On February 16, 1982 William Russell Wagner (Wagner) approached Police Officers Sewell and Cason of the City of Mexico Police Department and volunteered to work with them on reducing the drug problem in Audrain County. Wagner offered to buy drugs and become an informant for the police. Wagner relayed the names of several potential drug suppliers, including Stout's, to Officer Sewell who subsequently noted these in his police report. Officer Sewell gave Wagner a written list of names the police suspected of being involved with drugs, but Wagner tore up the list after reading and memorizing it.

John Ashcroft, Atty. Gen., Jefferson City, for plaintiff-respondent.

Shaw, Howlett & Schwartz, James J. Knappenberger, Clayton, for defendant-appellant.

SIMON, Judge.

The appellant, Donny Joe Stout (Stout), was convicted of selling a pound of marijuana in violation of § 195.020 RSMo (Supp. 1983). The trial was held in the Circuit Court of Warren County and the judge, in accordance with the jury verdict, imposed a sentence of 25 years imprisonment.

On appeal, Stout contends the trial court erred in: (1) refusing to grant his request for a continuance on the morning of the trial on the following grounds: (a) that the state failed to comply with discovery Rule 25.03 and therefore, defense counsel was not prepared; and (b) that Stout wished to

Under the guidance of the officers, Wagner first contacted Stout on February 19, 1982, at the Missouri Livestock Auction Center Cafe where Stout was employed. Wagner asked Stout if he could purchase some marijuana from him. Stout said he wasn't sure and told Wagner to wait until Monday the 22nd when he might have something. On the 22nd Wagner again talked with Stout at the cafe and Stout told him he could buy cocaine at $100 a gram and Mexican marijuana at $50 an ounce. Wagner said that he would like to purchase a pound of marijuana. On the 23rd, Stout phoned Wagner and informed him that he had ten pounds of marijuana coming in from Arkansas and wanted to sell the whole amount. Wagner replied that all he wanted to purchase was a pound and Stout said he would see what he could do. Wagner saw Stout the next day and Stout agreed to sell him a pound when the marijuana came in, which he expected in a

week. On March 8th Stout approached Wagner at the cafe, said he had the marijuana and they made arrangements to meet the next evening.

On March 9, 1982, Wagner met with Officers Sewell and Cason around 6:00 p.m. at the Panhandle Eastern Building in Mexico, Missouri. Wagner and his car were searched, a tape recorder was secured on him and he was told to keep the recorder operating until he returned. Wagner was given $850 in cash, the price Stout was asking for the pound of marijuana. Wagner left at 6:20 p.m. and went directly to Stout's trailer home where Stout invited Wagner in and introduced his wife, Connie Lee Stout. Stout brought out a grocery sack with a large and small bag. When Stout showed Wagner the small bag, Wagner asked, "Is this the one that I am going to be buying?" Stout replied, "Yes, that is the one that you are going to get." After the money exchanged hands, Stout assured Wagner the bag weighed a pound and told Wagner he hoped that everyone would be satisfied with it. Stout handed Wagner 6 blue pills to try, offering to sell him more if he liked them.

Wagner left the Stout's residence and returned directly to the Panhandle Eastern Building where he turned over the tape recorder and drugs to Officers Sewell and Cason. Wagner testified he returned at 8:00 p.m. Stout was arrested shortly afterwards.

On the morning of the trial, in chambers, Stout requested a continuance based on two grounds: (1) that the state failed to comply with discovery Rule 25.03; and (2) that Stout wished to discharge his counsel and would need a continuance to allow new counsel to become acquainted with the case. The trial court denied Stout's request and the trial proceeded. Subsequently, the trial judge imposed a sentence of 25 years in accordance with the jury verdict.

Stout's first point on appeal is that the trial court erred in failing to grant his request for a continuance. Stout claims the state failed to comply with discovery Rule 25.03 because they did not provide information of a police "hit list;" and information concerning the tape recorder and tape used by Wagner. Therefore, defense counsel was unable to properly prepare for trial. Stout also requested a continuance in order to discharge his counsel because his present counsel failed to subpoena witnesses on his behalf. Stout raises these grounds in two separate points on appeal, but they will be discussed together under Point I herein.

■ Responding, the state argues that Stout failed to comply with Rule 24.09 which requires that a request for a continuance be accompanied by a written motion supported by affidavit and this standing alone, justified the trial court's refusal to grant a continuance. However, we refuse to rest our decision solely on this basis and will review Stout's allegations on this point. The granting of a continuance is within the discretion of the trial court, and on appeal every intendment in favor of the trial court's action is indulged. The trial judge's ruling will not be disturbed on appeal unless it appears that he acted arbitrarily, capriciously and oppressively, or that his ruling was a clear and certain abuse of discretion. *State v. Winston*, 627 S.W.2d 915, 917–8[1, 2, 3] (Mo.App.1982).

In Stout's motion for discovery, he requested any exculpatory evidence including but not limited to the "police hit list testified to by Wagner." Wagner had orally informed Officer Sewell of the names of suspected drug dealers. This list included Stout's name and Sewell put these names in the police report, but defense counsel did not receive the police report until after the trial began. Defense counsel learned of this list at a preliminary hearing three months before the trial. During cross-examination of Sewell, defense counsel discovered that in addition to the list contained in the police report, Sewell had given Wagner a list of people the police suspected of dealing in drugs which Wagner, after memorizing, tore up. Sewell testified Stout's name was not on that list. In chambers, at a trial recess, defense counsel renewed her motion for a continuance on

the ground that the state's failure to comply with her discovery requests prevented her from exploring Wagner's background and drug related activities for purposes of impeachment. In response, prosecutor stated that he had asked Wagner about the list of names Sewell had given to him and Wagner said he had torn it up. The initial list is in the police report and the prosecutor did not have the report in his file at that time. The prosecutor claims the list which Sewell gave to Wagner no longer exists. The defense counsel did receive the police report during the trial. The trial court ruled the state had complied with discovery rules because defense counsel had not been sufficiently specific in her motion for discovery and had previously identified a list which was different than the one she was referring to in chambers.

■■■ Stout contends the trial court's failure to grant a continuance as a result of the state's non-compliance with discovery rules was prejudicial error. When non-compliance of discovery rules is brought to the attention of the trial court, the trial court has the discretion to impose sanctions. *State v. Mansfield*, 637 S.W.2d 699, 703[1] (Mo. banc 1982). A continuance is one of several sanctions which may be imposed pursuant to Rule 25.16 (1983). On appeal, the issue is whether the trial court's refusal to impose a sanction results in fundamental unfairness to Stout. We find it does not. In *Mansfield*, our Supreme Court found the trial court's exclusion of an alibi witness' testimony to be an abuse of discretion, but here, the trial court's refusal to impose the sanction of a continuance was not fundamentally unfair to the defense in that the defense counsel intended to use the information to impeach Wagner. The record reveals that Wagner was extensively cross-examined as to his prior arrests and convictions. Further, Sewell was extensively cross-examined as to both lists. Additionally, defense counsel had three months, after the preliminary hearing, to question Wagner and Sewell about any lists. The trial court's ruling was not fundamentally unfair.

■ In addition, Stout contends the state failed to properly comply with a discovery request for details on the make and model of the recorder used by Wagner until four working days before trial. As a result, defense counsel contends she was unable to conduct tests for reliability, quality or possibility of alteration. The record reveals the defense counsel never requested the tape or recorder but requested only, the identifying marks, the type of tape and the type of tape recorder used. The state's answer contained this information. When the trial court judge specifically asked the defense counsel whether she had requested the tape or the recorder in order to examine them, she replied she had not. Moreover, the tape and recorder were available to defense counsel at the preliminary hearing; in the prosecutor's office 3 months before trial; and on the morning of the trial when the prosecutor offered to permit the tape to be played to determine the accuracy of the transcript. Based upon the foregoing, we find no prejudicial error in the trial court's failure to grant a continuance on the basis of the state's failure to comply with discovery rules.

Stout's request for a continuance was also based on his desire to discharge his counsel. Stout was dissatisfied with his counsel because she did not subpoena four witnesses he believed would testify concerning Wagner's credibility. Defense counsel told Stout that if the witnesses had to be subpoenaed in order to get them into court, she was not going to call them on his behalf.

■■■ As noted above, the granting of a continuance is within the trial court's sound discretion. An important factor for the trial court to consider when a defendant requests a continuance in order to secure substitute counsel, is the public's need for effective administration of justice. This discretion will not be lightly disturbed when it appears the accused was not denied skilled and competent representation. *State v. Turner*, 623 S.W.2d 4, 11[10, 12] (Mo. banc 1981).

■ The determination of what witnesses to call is a matter of trial strategy. If the defendant is represented by skilled and competent counsel, the decision is best left within counsel's province. *Turner,* 623 S.W.2d at 11[10–13]. In *Turner,* our Supreme Court held that counsel's decision not to call a witness to testify concerning an alibi defense was trial strategy and as such does not constitute ineffective assistance of counsel nor did the trial court's refusal to grant a continuance result in an abuse of discretion. *Turner* at 11, 12[13–16].

■ Here, the argument is weaker than the one rejected in *Turner.* Stout's witnesses were to testify as to the credibility of the informant, Wagner, not supporting an alibi defense, and Wagner was subjected to extensive cross-examination at trial concerning his character and past conduct. Further, defense counsel, as revealed by the record, performed competently in a difficult case. Consequently, we find Stout's first point to be without merit.

Stout's second point is that the trial court erred by permitting the state to give a transcript of the tape recording to the jurors so that they could follow the taped conversation on the transcript. He contends the transcript bolstered the taped conversation resulting in prejudice. Furthermore, Stout contends the trial court should have given a limiting instruction to the effect that the tape, not the transcript, was the only evidence the jury should consider.

■ If portions of the tapes are inaudible or there is need to identify the speakers, transcripts may be used. *State v. Engleman,* 653 S.W.2d 198, 200[5, 6] (Mo. 1983). Stout admits the tape "was very difficult to decipher." He does not question the accuracy of the transcript and was given the opportunity to compare the tape and transcript for accuracy. When the tape ended, the transcript was collected and the jury was not permitted to have the transcript during their deliberations. Stout has failed to show in what manner he was prejudiced.

■ Stout also argues that the trial judge erred in failing to submit a limiting instruction to the effect that the transcript was not evidence and that the jurors should be guided only by what they heard on the tape recording. Since Stout failed to preserve this point, we will review it under plain error. Rule 30.20 (1983).

■ Stout concedes that the transcript is accurate, but relies on cases involving errors in transcripts. Even without a limiting instruction, a transcript with inaccuracies does not result in reversible error if the defendant fails to show these inaccuracies contributed to his conviction. See *United States v. Crane,* 632 F.2d 663, 664[1] (6th Cir.1980). Stout has failed to show any resulting prejudice. Consequently, we find his second point is without merit.

In his third point, Stout contends the trial court erred in failing to grant his motion for new trial based on insufficient evidence, in that the issue of entrapment arises as a matter of law and the state had the burden to show he was predisposed to commit the crime charged.

■ The law of entrapment, as stated recently in *State v. Willis,* 662 S.W.2d 252 (Mo. banc 1983), is controlling here. In *Willis,* at 255[2], our Supreme Court mandated that it is the defendant's initial burden to go forward with evidence showing both unlawful governmental inducement and his lack of predisposition. Then the state has the burden to prove lack of entrapment beyond a reasonable doubt by either rebutting defendant's evidence of inducement or by showing his predisposition. Thus, it is not the state's initial burden to show that Stout was not entrapped.

■ Further, Stout failed to present any evidence of unlawful inducement or his lack of predisposition. His only witness was his wife who testified that she, Wagner and Stout were present at their trailer home the night of the drug transaction. She testified that Stout did not receive any money that night but refused to say who

took the money, saying, "I can't tell you that" several times. She also admitted the bag of marijuana was in the trailer home that night. Also the state's evidence does not rise to the level of unlawful inducement, nor does it show a lack of predisposition. Considering all the evidence, the trial judge correctly denied the motion. Stout's third point is without merit.

■ Stout's fourth point is that the trial court erred by failing to grant his motion for new trial based on prosecutorial misconduct. Stout raises two issues under this point. First, Stout contends the prosecutor advanced the tape of the transaction between Wagner and Stout at trial thereby preventing the jury from hearing the entire tape and defense counsel from timing the tape. At trial, defense counsel failed to clearly state her objection and get a ruling of the trial court, therefore, this issue has not been preserved for review. However, we will review this point under plain error. Rule 30.20.

At trial, defense counsel cross-examined Wagner about the time interval between his arrival at the Stout residence and the time he returned to the Eastern Panhandle Building where the police were waiting. She claimed there was a 20–30 minute gap in the tape which was unaccounted for and when the prosecutor fast forwarded the tape during the trial, this prevented her from timing it.

■ As was discussed in point I above, defense counsel had adequate opportunity to inspect the tape. She admitted she did not request to examine the tape or recorder on discovery; the tape and recorder were available at the preliminary hearing; in the prosecutor's office several months prior to the trial and on the morning of trial. Under these circumstances, we find the trial court's ruling did not result in any manifest injustice.

Stout's second issue concerns prosecutor's misconduct during closing argument. This point will be reviewed under plain error, since it was not preserved. Stout contends that since the state did not comply with discovery rules, the prosecutor should not be able to argue to the jurors on rebuttal that if the defense counsel questioned the accuracy of the tape she could have examined it.

■ It is well recognized that the trial court has broad discretion in determining the propriety of oral argument. *State v. Heinz*, 607 S.W.2d 873, 878 [8] (Mo.App. 1980).

■ Here, the prosecutor's comments were made in retaliation to the defense counsel's attack in her closing argument on the gap in the tape. It is proper for the prosecutor to retaliate to an issue raised by defendant's argument. *State v. Wood*, 596 S.W.2d 394, 403 [27, 28] (Mo. banc 1980). In light of this, we find the prosecutor's conduct did not result in manifest injustice and the fourth point is without merit.

Stout's final point is that the 25 year sentence constitutes cruel and unusual punishment and pursuant to Rule 27.04 (1982) asks that the sentence be reduced. In support of his argument Stout relies on the following: (1) the jury's deliberation lasted only 25 minutes; (2) the prosecutor's conduct was improper; and (3) affidavits evincing juror bias and prejudice.

■ On appeal, the sentence will not be reduced unless evidence of passion and prejudice, or abuse of the trial court's discretion appears in the record. *State v. Gardner*, 524 S.W.2d 38, 41 [8] (Mo.App. 1975).

■ Stout's reliance on the time frame of jury deliberation is misplaced. The fact that the jury deliberated only 25 minutes does not necessarily show bias, prejudice or passion. In *State v. Caffey*, 365 S.W.2d 607, 610–1 [7–8] (Mo.1963), our Supreme Court found that jurors who returned the maximum penalty (20 years) after deliberating 35 minutes to reach their verdict was not of itself a showing of bias, prejudice or passion. Stout's sentence of 25 years is well within the range of punishment. Section 195.200 subd. 1(4) RSMo (Supp.1982).

We shall not address Stout's claim of prosecutorial misconduct under this point since our finding in point four is dispositive.

In support of his motion for new trial, Stout submitted affidavits of persons who overheard the jury's deliberation. The affiants alleged the jurors stated that Stout should have taken the stand to prove his innocence; that the jurors were in a hurry to get home to eat and were concerned about the sale of drugs to their own children. The prosecutor informed the court that one of the affiants was charged with selling marijuana to Wagner and was therefore not a disinterested witness.

■ Generally, we defer to the trial court's discretion in ruling on a post trial motion based upon an eavesdropper's affidavit of jury misconduct. *State v. Ferguson*, 353 Mo. 46, 182 S.W.2d 38, 45 [14–15] (1944).

■ In *State v. Ferguson*, our Supreme Court found that "Affidavits or testimony of third persons as to statements of jurors tending to impeach their verdict are inadmissible, not only as hearsay but also for the same reason which excludes the affidavits or testimony of the jurors themselves." We find no reason to disturb the trial court's ruling. Stout's final point is without merit.

Judgment affirmed.

CRIST, P.J., and PUDLOWSKI, J., concur.