STATE of Missouri, Respondent,

v.

Richard WILBON, Appellant.

No. 64272.

Missouri Court of Appeals,
Eastern District,
Division One.

April 12, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 4, 1994.

Byron Cohen, Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., F. Martin Dajani, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from his convictions for first degree assault and armed criminal action. We affirm.

On October 20, 1991, Fred Washington (Victim) was walking down Green Valley in north St. Louis County when a car pulled up behind him. Three persons were seated in the car. Victim knew the names of two of three persons, but only knew the third person by sight. The driver asked Victim if he was Fred. When Victim asked him who wanted to know, they drove off. About twenty minutes later, the same car again pulled up to Victim and stopped. Victim began running and was shot in the back. Upon notifying the police, Victim identified two of the persons in the car by name, and later identified the third person as Defendant. Victim stated Defendant was the shooter. Defendant was subsequently arrested for shooting Victim and charged with first degree assault and armed criminal action. Upon his conviction, Defendant was sentenced to ten years' imprisonment for first degree assault and a consecutive sentence of three years for armed criminal action.

In Point I, Defendant argues the trial court erred in denying his motion for judgment of acquittal because insufficient evidence existed for the jury to find him guilty of first degree assault and armed criminal action. We disagree.

■ Appellate review of the sufficiency of the evidence is limited to determining whether sufficient evidence exists from which a reasonable jury could have found Defendant guilty beyond a reasonable doubt. *State v. Dulany*, 781 S.W.2d 52, 55[3] (Mo. banc 1989). Further, appellate courts review the evidence and its inferences in the light most favorable to the verdict, rejecting all contrary evidence. *State v. Gomez*, 863 S.W.2d 652, 655[1] (Mo.App.1993). Moreover, appellate courts do not determine the credibility of the witnesses, nor do they weigh the evidence. The jury is the sole arbiter of credibility and may believe all, some, or none of a witness's testimony. *Id.* at 655[3].

■ A review of the record reveals sufficient evidence for Defendant's convictions. First, the evidence revealed Victim had been shot. Victim testified he saw Defendant shoot him. Testimony of a single witness may be sufficient to support a submissible case. *State v. Sumowski*, 794 S.W.2d 643, 645[4] (Mo. banc 1990). Defendant contends Victim's testimony was incredulous. However, credibility is for the jury to determine, not the appellate court. *Gomez*, 863 S.W.2d at 655[3].

■ Second, even if the jury discounted Victim's testimony, sufficient evidence still exists. Defendant confessed to shooting Victim. A criminal defendant's confession is direct evidence of his guilt. *Sumowski*, 794 S.W.2d at 646[5]. Further, Defendant's taped confession reveals a chain of events remarkably similar to Victim's testimony. Point denied.

In Point II, Defendant challenges the admission of his taped confession into evidence. He contends the State failed to lay a proper foundation, specifically it failed to establish a hand-to-hand chain of custody of the tape up to the time of trial.

■ A sufficient chain of custody is established where the State provides "reasonable assurance" the exhibit is in same and in like condition at trial as it was when first obtained. *State v. Dee*, 752 S.W.2d 942, 948 (Mo.App.1988). This standard does not require proof of hand-to-hand custody of the evidence nor does it require the State to exclude every possibility the evidence has been disturbed. *State v. Dreiling*, 830 S.W.2d 521, 527[15] (Mo.App.1992). Further, where a tape is positively identified as an accurate recording of the statements, a claim of lack of proper chain of custody becomes

moot. *State v. Simpson*, 779 S.W.2d 274, 282[12] (Mo.App.1989).

 Detective Nick Wild testified he operated the recording device during Defendant's statement. He stated he packaged the cassette tape as evidence, placed it in the evidence room, and removed it himself prior to trial. He stated he listened to the tape prior to trial and it accurately reflected Defendant's taped statement as given on October 20, 1991. A proper foundation was laid for admittance of the tape.

In his final two points, Defendant challenges the trial court's decision to permit the jury to look at copies of a transcript of the taped confession while they were listening to it. At trial, the jury was provided transcripts of the recording to follow along as the tape was played. The transcripts were not admitted into evidence and were taken back from the jury immediately after the tape was played. Prior to use of the transcripts, the court gave the jury a cautionary instruction. Defendant first argues: "It was in error for the trial court to provide the jury with an instruction not in writing." Second, Defendant contends error because he was never given an opportunity to verify the accuracy of the transcript.

Defendant has failed to preserve either of his points for appellate review. First, we are unable to review the court's cautionary instruction to the jury because Defendant has failed to provide us with a copy of it. The trial transcript merely reflects the court read a cautionary instruction but fails to reveal the actual remarks. It is Defendant's responsibility to provide this court with an adequate record for appellate review. *Flora v. Flora*, 834 S.W.2d 822, 823[2] (Mo.App. 1992). In addition, Defendant did not object at trial or in his motion for new trial about the use of the cautionary instruction. *See, State v. Babbitt*, 639 S.W.2d 196, 198 (Mo. App.1982). Further, we cannot see how a cautionary instruction would have prejudiced Defendant. Indeed, the guidelines for using such transcripts *requires* the judge to "*carefully instruct* the jury that differences in meaning [between the transcript and recording] may be caused by such factors as the inflection in a speaker's voice or inaccuracies

in the transcript and that they should, therefore, rely on what they hear rather than what they read when there is a difference." *State v. Montgomery*, 590 S.W.2d 105, 108[5] (Mo. App.1979) (emphasis added), *quoting U.S. v. McMillan*, 508 F.2d 101, 105–06 (8th Cir. 1974); *See also, State v. Wahby*, 775 S.W.2d 147, 154 (Mo. banc 1989) ("[t]he court properly instructed that the tape, not the transcript, was the evidence"). Defendant could have argued error if the court had failed to caution the jury. *See, Simpson*, 779 S.W.2d at 283.

 Nor has Defendant preserved his claim the transcript was improperly used because he was never given a chance to verify its accuracy. While Defendant objected generally to the use of the transcript, he never specifically objected to its accuracy or an improper foundation. Moreover, Defendant has failed to show how he was prejudiced by the use of the transcript because the transcript is an accurate rendition of the tape. *See, State v. Stout*, 675 S.W.2d 931, 937 (Mo.App.1984); *Montgomery*, 590 S.W.2d at 108[5]. Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.