**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Maurice JOUETT, Defendant–Appellant.**

No. 03–3214.

United States Court of Appeals, Sixth Circuit.

Feb. 5, 2004.

**540**

Amul R. Thapar, Cincinnati, OH, for Plaintiff–Appellee.

William R. Gallagher, Arenstein & Gallagher, Cincinnati, OH, for Defendant–Appellant.

Before: NORRIS, GILMAN, and ROGERS, Circuit Judges.

## ORDER

Maurice Jouett ("Jouett"), a federal prisoner, appeals his convictions for drug and firearm offenses. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A jury convicted Jouett of possessing with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1), and carrying a firearm during or in relation to a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1). He was indicted on these charges after being stopped by police while driving to meet a confidential informant ("CI") to complete a controlled drug buy. During the stop, police found a revolver in Jouett's pants and cocaine base in the car console. Before trial, Jouett unsuccessfully moved to suppress the drug and firearm evidence, arguing that the stop, frisk, arrest, and search violated the Fourth Amendment.

At the beginning of the trial, Jouett stipulated to having one prior felony conviction. However, the complete indictment, which specified the prior felony, was accidentally attached to the jury instructions. The indictment was quickly removed upon its discovery, the district court denied Jouett's motion for a mistrial, and the jury convicted Jouett as charged.

Jouett's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he has reviewed the entire record and has found no meritorious issues. Nonetheless, counsel submitted the denial of the motion for a mistrial as an issue which might arguably support an appeal. Jouett has filed a response and a supplemental brief, arguing that: 1) the district court erroneously denied the motion to suppress; and 2) the district court erred by admitting into evidence a transcript of the CI's first phone call to his supplier, "Nine."

Upon review, we conclude that counsel's motion to withdraw must be granted as counsel has filed an acceptable *Anders* brief.

As the basis of his challenge to the denial of the motion for a mistrial, counsel relies on *Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).

The district court properly denied the motion for a mistrial. In *Old Chief,* the Supreme Court held that a district court abuses its discretion by rejecting a defendant's offer to stipulate to a prior felony when the sole purpose for the admission of the prior conviction is to prove the element of prior conviction. 519 U.S. at 174. A district court's failure to comply with *Old Chief* is subject to harmless error analysis. *United States v. Daniel,* 134 F.3d 1259, 1262–63 (6th Cir.1998).

■ *Old Chief* is not applicable to this case because the district court did not reject Jouett's offer to stipulate and did not admit the record of his prior conviction. *See United States v. Smigiel,* Nos. 97–1571, 97–1577, 1999 WL 196575, at *2 (6th Cir. Mar.29, 1999) (unpublished). Nonetheless, we conclude that the temporary attachment of the unredacted indict-ment was at most harmless error because it is more probable than not that the incident did not materially affect the verdict. First, the record indicates that the jurors did not see the indictment. Furthermore, the court gave a curative instruction to ignore the indictment, and juries are presumed to understand and follow such directions. *See United States v. Forrest,* 17 F.3d 916, 920–21 (6th Cir.1994). Finally, Jouett's guilt was established by overwhelming evidence.

■ In his first pro se issue, Jouett argues that the district court erred by denying the motion to suppress. He contends that probable cause did not exist to justify stopping his car because law enforcement relied solely on the CI's description of him as a drug supplier.

The district court properly denied the motion to suppress because probable cause existed to believe that Jouett's vehicle contained contraband. *See Maryland v. Dyson,* 527 U.S. 465, 467, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999). At the suppression hearing, Agent Ingram of the Regional Narcotics Unit testified that a known, reliable CI contacted him about meeting a new supplier known only as "Nine." At Agent Ingram's office on February 26, 2002, the CI placed a call to Nine's cell phone and Nine agreed to supply five ounces of crack cocaine. On March 1, 2002, the CI and Nine talked several times via cell phone, discussed price and quantity, and agreed to meet at a Frisch's restaurant to further discuss the deal. The meeting at Frisch's was videotaped by Agent Ingram. When Nine arrived at Frisch's driving a white Caprice Classic, the CI approached the driver, rather than the passenger, later identified as the defendant's brother, Brandon Jouett. The CI and Nine agreed to meet later at a nearby Maaco, but Nine did not appear.

Agent Ingram remained with the CI as several phone calls were placed, and Nine ultimately agreed to deliver the crack cocaine to the CI at a McDonald's restaurant Nine's car, which had been under surveillance, was then stopped near the McDonald's. Nine was later identified as Maurice Jouett at the police station. We conclude that the phone calls and Jouett's corresponding behavior, all witnessed by the police, established probable cause to stop and search Jouett's vehicle.

■ In his second pro se issue, Jouett argues that the district court erred by admitting into evidence a transcript of the CI's first phone call to Nine. Jouett contends that the transcript, which was projected onto a screen as the audio tape was played to the jury, was unfairly prejudicial because the transcript identified the recipient of the call as "Jouett," rather than as "Nine."

We conclude that the admission of the transcript was harmless error, even though the parties did not stipulate to the accuracy of the transcript, because the introduction of the transcript did not affect Jouett's substantial rights. *See* Fed. R.Crim.P. 52(a); *United States v. Smith*, 537 F.2d 862, 863 (6th Cir.1976). First, the district court gave cautionary instructions about the transcript. *See Smith*, 537 F.2d at 864. Before the tape was played, the district court instructed the jury that the transcript was not evidence, would not be furnished to the jury during its deliberations, and should be disregarded if it conflicted with the tape. After the tape was played and defense counsel objected to the references to "Jouett," the district court instructed the jurors that the recipient of the call was known only as "Nine" at the time of the call, that they should mentally substitute "Nine" wherever they had seen "Jouett" in the transcript, and that they were to determine ultimately who

"Nine" was. Second, the CI identified Nine's voice as Jouett at trial, and defense counsel had ample opportunity to challenge the identification. *See id.*

Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.