[Cite as *State v. Pointer*, 2011-Ohio-260.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-0008 |
| ARTENSON POINTER | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal appeal from the Richland County
                             Court of Common Pleas, Case No. 09-CR-
                             485

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      January 20, 2011

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JAMES J. MAYER, JR.                       R. JOSHUA BROWN
Prosecuting Attorney                      32 Lutz Avenue
38 South Park Street                      Lexington, OH 44904
Mansfield, OH 44902

*Gwin, P.J.*

{¶1} Defendant Artenson Pointer appeals a judgment of the Court of Common Pleas of Richland County, Ohio, which convicted and sentenced him after a jury found him guilty of four counts of kidnapping with firearm specifications; two counts of felonious assault, one of which carried a firearm specification; one count of having weapons under a disability; one count of intimidation; and two counts of abduction with firearm specifications. Three other counts of having weapons under a disability were dismissed, and the court merged three of the kidnapping counts with the abduction counts. Appellant assigns a single error to the trial court:

{¶2} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ALLOWING THE JURY TO RECEIVE A TRANSCRIPT OF A CONTROLLED PHONE CALL WHILE THAT CALL WAS BEING PLAYED FOR THE JURY."

{¶3} On or about March 18, 2009, appellant and the victim were together in Mansfield, Richland County, Ohio. Nolan Lovett joined them. Appellant became upset with Lovett, and beat him up.

{¶4} Learning various rumors were spreading about appellant and Lovett, the two men met together to determine the source of the rumors. Concluding the victim was spreading lies about them, appellant, Lovett and Camille Brodnaxe agreed to confront her. The appellant, the victim, and Lovett got into the victim's car to take her to Brodnaxe's apartment. The victim did not wish to go, and eventually pulled the keys from the ignition. Appellant produced a .22 handgun and Lovett exited the car. Appellant fired a shot which did not strike the victim, but lodged in the gearbox of the vehicle.

{¶5} Appellant, Lovett, and the victim then went to Brodnaxe's apartment. At some point during the confrontation, appellant struck the victim once in the face and once in the ribs. The punch to the ribs caused the victim to have difficulty breathing. At that point, Brodnaxe intervened. Appellant left Brodnaxe's apartment with the victim and eventually took her to the emergency room. There, the victim told the hospital personnel she had been attacked by two transients.

{¶6} The following day, one of the victim's co-workers noticed her injuries and called the police. Detective Jeffrey Shook contacted the victim, and she told him appellant had shot at her and punched her. Detective Shook had the victim make a phone call to the appellant on her cell phone, while the detective listened on speaker, and recorded it. In the call, the victim spoke with the appellant about the injuries he had inflicted, and he did not deny doing so.

{¶7} Officers executed a search warrant and found the handgun. Shortly thereafter, a friend of the appellant's mother contacted the victim, claiming to work for the NAACP. He asked her to sign a typewritten statement which said, among other things, that appellant did not shoot her. The victim objected to this, and added the phrase "but had shot at" her. She then signed this statement.

{¶8} Sometime later, the same man approached appellant with another typewritten statement that said appellant did not shoot her, at her, did not hit her, did not hurt her in any way, and the allegations and charges against him were completely false. The victim signed the statement.

{¶9} At trial, the victim and Lovett testified to the events of March 18, and March 25. Brodnaxe also testified for the State, corroborating their testimony.

{¶10} During the direct examination of the victim, she testified she had made the phone call to appellant, knowing it was recorded. The victim testified she had listened to the recording and had seen a transcript of the call. She reviewed the transcript and made corrections to it, and testified it was accurate. The State asked to introduce the tape recorded phone conversation between appellant and the victim.

{¶11} The State offered to give the jury copies of a transcript of the call for the jury to follow along with as the tape was played, because of the poor quality of the tape recording. Appellant's counsel objected, informing the court counsel had never seen the transcript. He stated: "*** this call is really hard to hear. It's difficult to hear him. I don't know what they figured out, whoever typed this, what they thought he said. It's unclear. I haven't seen the transcript. I figured if they wanted to listen to the tape, they can listen to the tape."

{¶12} The State conceded the call was difficult to hear, but informed the court the victim and the detective had both reviewed the transcript and it was accurate. Appellant's counsel objected that the tape had not been verified. Counsel conceded that some of the transcript was accurate, but argued he had been unable to distinguish parts of the tape, and believed some of the transcript might be incorrect. Thereupon, the court permitted the State to give the jurors the transcripts and play the tape.

{¶13} After the State played the tape, the victim testified the tape was an accurate recording of her conversation with the appellant. Detective Shook testified later in the trial, and described how the tape recording was made. He also testified the transcript was accurate.

{¶14} Appellant argues the trial court committed reversible error in allowing the jury to receive a transcript of the controlled phone call while the call was being played. Appellant cites us to Evid. R. 1002, the "Best Evidence Rule". The Rule provides the original writing, recording, or photograph is required to prove the content of the writing, recording, or photograph except as otherwise provided by the Rules or the Supreme Court.

{¶15} Appellant correctly states the tape recording was the best evidence of its contents. Appellant cites us to *Harleysville Mutual Insurance Company v. Santora* (1982), 3 Ohio App. 3d 257, 444 N.E. 2d 1076. In the *Santora* case, the Court of Appeals for the 8th District, Cuyahoga County, held a transcript is not admissible in evidence if the original tape recorded conversation is available. The court reasoned a transcript cannot capture the intangibles of conversation such as voice, tone, emphasis, evasiveness, faltering, or emotions. The court also cautioned providing both a transcript and the original tape might give undue emphasis to the content or give the jury the impression the court believed it was especially good and/or significant.

{¶16} The State points out the 8th District later disapproved the *Santora* case in *State v. Graves* (October 6, 1994), Cuyahoga App. No. 66238. In *Graves,* the Court of Appeals found a trial court has discretion to use transcripts of taped recordings as a listening aid as long as the accuracy of the transcripts is not challenged. In *Graves,* the officer who transcribed the tape testified regarding how the transcript was produced, and the trial court reviewed the tape and compared it to the transcript. The Court of Appeals found the only challenge to the evidence was the defendant's assertion it was not his voice on the tape. The Court of Appeals found that because the defendant had

testified at trial, the jury was able to compare his voice to that on the tape. The court also found no prejudice in the transcript identifying the defendant as one of the speakers on the tape. The court found *Santora* would apply if the only proof of the conversation was the transcript, and there was no recording available. The court found the jurors in this case listened to the tapes while using the transcript as an aid and the transcript did not give "emotive direction" to the jurors. The court found the jury would rely on the recorded words rather than the transcript. *Graves* at 4.

**{¶17}** The State cites *State v. Waddy* (1992), 63 Ohio St. 3d 424, 588 N.E. 2d 819. In *Waddy,* the defendant argued the use of the transcripts to help the jurors follow the tapes violated the Best Evidence Rule. The Supreme Court found because the transcripts were not admitted into evidence, the Rules of Evidence were irrelevant. The court found the defendant had conceded the transcripts' accuracy, and the court itself compared the tapes and transcripts. The court concluded if there are no material differences between the tape admitted into evidence and a transcript given to the jury as a listening aid, there is no prejudicial error. *Waddy* at 445, citing *State v. Holmes* (1987), 36 Ohio App. 3d 44, 521 N.E. 2d 479 and *United State v. Smith* (C.A. 6, 1976), 537 F. 2d 862. *Waddy* was later overruled by the Ohio Supreme Court on a different issue in *State v. Smith* (1997), 80 Ohio St. 3d 89, 1997 -Ohio- 355, 684 N.E.2d 668.

**{¶18}** In the *Holmes* case, the court found the *Santora* case held the transcript was inadmissible because the original recording was available and the transcript was not prepared by an objective third party. The original recordings in the *Holmes* case were available, although not "fully audible". The court concluded the trial court did not observe procedural safeguards such as making a methodical review of the tapes and

transcripts in defense counsel's presence and marking corrections on the transcripts. The *Holmes* court found, however, the appellant did not point out any material differences between the tapes and the transcripts supplied to the jury as a listening aid, and found no prejudicial error in the trial court's exercise of its discretion.

{¶19} The State points out the victim and Detective Shook, who were both present during the phone call, reviewed the transcript and testified it accurately related what was said during the phone call. The State also asserts the jury was allowed only the recording during deliberation and the transcripts were never offered as evidence. Appellant does not allege any inaccuracies in the transcript.

{¶20} The jury also heard the testimony of Brodnaxe and Lovett, and viewed photographs of the bullet hole in the victim's car. There was ample evidence in addition to the tape recorded conversation.

{¶21} This court cannot reverse the court's decision unless we find it abused its discretion. "The term 'abuse of discretion' * * * implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144, citing *Steiner v. Custer* (1940), 137 Ohio St. 448, 19 O.O. 148, 31 N.E.2d 855.

{¶22} We find the trial court did not abuse its discretion in permitting the jury to use the transcripts as a listening aid while the recording was being played.

{¶23} The assignment of error is overruled.

**{¶24}** For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

By Gwin, P.J.,

Farmer, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY

WSG:clw 0106

[Cite as *State v. Pointer*, 2011-Ohio-260.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ARTENSON POINTER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010-CA-0008 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY