NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0336n.06

No. 11-1101

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

**FILED**

*Mar 28, 2012*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

WILLIAM KING,

     Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

_____/

BEFORE:    MARTIN, SUTTON, and BALDOCK, Circuit Judges.[*]

BOYCE F. MARTIN, JR., Circuit Judge. This appeal concerns a district court's decision to allow a jury to use transcripts of audio recordings at trial. William King appeals his conviction after trial for one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 and one count of bank fraud in violation of 18 U.S.C. § 1344. During the trial, the United States relied on audio recordings of conversations as evidence and provided the jury with written transcripts of the recordings. King argues that the district court abused its discretion in allowing the jury to use the transcripts. For the following reasons, the judgment of the district court and King's conviction are **AFFIRMED**.

_____

[*] The Honorable Bobby R. Baldock, United States Court of Appeals for the Tenth Circuit, sitting by designation.

**I.**

Prior to trial, the United States notified the district court and King of its intention to seek admission of recorded conversations as evidence and to use transcripts of those recorded conversations to aid the jury. King filed a motion *in limine* seeking to exclude the transcripts. King argued that the transcripts would distract the jury from the evidence, i.e., the recordings, and that the jury would improperly treat the transcripts as evidence. The United States argued that the transcripts would allow the jury to follow along more easily with the recorded conversations. At a pretrial hearing on the motion, the district court listened to a sample of the United States' recorded evidence to determine whether the recording would be an appropriate aid to the jury. After listening to the exhibit, the Court stated:

> The transcript is an aid. If you have the transcript, as long as it's accurate, and I know in the written document certainly there was no question that there was accurate transcription, with the transcript you could make out what is said on the tape, without the transcript you could not, so it is an important aid, I agree. The tapes still are the evidence, but I think the jury—it would just be a waste of time to play that without the transcripts.

King did not, and does not now, contest the accuracy of the transcripts. The district court gave a pretrial limiting instruction informing the jury that the recordings, and not the transcripts, were evidence in the case. The district court also read to the jury Sixth Circuit Pattern Jury Instruction 7.17 which instructs the jury that transcripts are:

> Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The tapes themselves are the evidence. If you noticed any differences between what you heard on the tapes and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the tapes, you must ignore the transcripts as far as those parts are concerned.

At trial, King preserved his objection to the transcripts. He did not object to the admission of the recordings. The United States introduced excerpts from nineteen different recordings and provided the jury with a transcript of each. The jury did not use the transcripts during deliberations.

On appeal, King argues that it was error to allow the jury to use the transcripts and that the improper use of the transcripts prejudiced his right to a fair trial because (1) the presence of the transcripts distracted the jury from the vocal intonations, pauses, and inflections in the recordings; and (2) the transcript identified each speaker in the recording by name thereby improperly relieving the United States of its burden of proving the identity of each speaker. King asks this Court to set aside his conviction and remand the case for a new trial.

## II.

We review for abuse of discretion a district court's decision to allow the use of recording transcripts at trial. *United States v. Jacob*, 377 F.3d 573, 581 (6th Cir. 2004); *United States v. West*, 948 F.2d 1042, 1044 (6th Cir. 1991). "A district court abuses its discretion when it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *United States v. Pugh*, 405 F.3d 390, 397 (6th Cir. 2005) (internal quotation marks omitted).

To prevail on appeal, King must show error and prejudice. A court does not err by allowing the use of transcripts not in evidence where "the tape is in evidence, the defendant has not questioned the accuracy of the transcript, and the defendant has shown no prejudice." *United States v. Scarborough*, 43 F.3d 1021, 1025 (6th Cir. 1994). "A defendant challenging the use of a transcript

at trial must show prejudice." *Jacob*, 377 F.3d at 581. "The admission of written transcripts of recorded conversations is not prejudicial error unless an inaccuracy exists in the transcript." *United States v. King*, 272 F.3d 366, 372 (6th Cir. 2001).

King argues that the district court erred in allowing the use of the transcripts because the recordings were either unintelligible, and so should not have been allowed at all, or were so clear that the transcripts were unnecessary. King concedes that the transcripts are accurate. Even to the extent that it was error to allow the use of sections of the transcript that may have been unintelligible or unnecessary—a finding that we need not make—King has not demonstrated prejudice. Though King argues that the transcripts distracted the jury from specific features of the recorded dialogue that could only be found in the recordings themselves, i.e., verbal intonations and inflections of the speaker, the use of "written transcripts of recorded conversations is not prejudicial error unless an inaccuracy exists in the transcript." *King*, 272 F.3d at 372; *United States v. Crane*, 632 F.2d 663, 664 (6th Cir. 1980) (per curiam). Further, the district court instructed the jury with both a limiting instruction and Sixth Circuit Pattern Jury Instruction 7.17 that the recordings, and not the transcripts, formed the evidence in this case. King does not challenge the accuracy of the transcripts, the district court cautioned the jury that the transcripts were not evidence, and the jury did not access the transcripts during deliberations. King has failed to show that he was prejudiced by the use of the transcripts.

King separately argues that the use of the transcripts relieved the United States of its burden to prove the identity of each speaker in the recording beyond a reasonable doubt. King argues, under *United States v. Cooper*, 868 F.2d 1505, 1519 (6th Cir. 1989), that the transcripts—which identified

speakers heard on the recording by name—served as improperly admitted evidence of each speaker's identity. But King did not challenge the identification of the speakers during trial and does not now object to the accuracy of the transcripts, including the speaker identifications contained in them. Moreover, King does not explain how the identification of any speaker was significant to his case. King argues that two individuals who appear on the recordings and were identified by name in the transcripts were never identified in the testimony of a United States witness. The witness, however, was available for cross-examination on this point but King's counsel did not question this witness about the two individuals' identities. *See Crane*, 632 F.2d at 664-65 (finding that when the "agent . . . who identified [defendant's] voice as the party on the tapes . . . was available for cross-examination, defendant should not be heard to complain"). King has not demonstrated any prejudice in this regard and the district court did not abuse its discretion by allowing the use of the transcripts.

## III.

The judgment of the district court and King's conviction are **AFFIRMED**.