UNITED STATES of America,
Plaintiff-Appellee,

v.

Earl L. NICKERSON (78–5368), Kathryn Hall (78–5392), Oren Ray Hall (78–5393), Defendants-Appellants.

Nos. 78–5368, 78–5392 and 78–5393.

United States Court of Appeals,
Sixth Circuit.

Argued April 18, 1979.

Decided Sept. 28, 1979.

Certiorari Denied Dec. 10, 1979.
See 100 S.Ct. 528.

Herbert A. Thornbury, Chattanooga, Tenn. (Court-appointed), for Nickerson.

John H. Cary, U.S. Atty., Jimmy Baxter, Knoxville, Tenn., for United States.

William H. Ortwein, Carole Wiggins, Chattanooga, Tenn., for Kathryn Hall and Oren Ray Hall.

Before ENGEL and MERRITT, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

MERRITT, Circuit Judge.

The defendants were convicted in a jury trial of conspiring to violate the Travel Act by using the facilities of interstate commerce with intent to commit arson. 18 U.S.C. §§ 371, 1952 (1976). Oren Ray Hall was also convicted of the substantive offense under § 1952. The crimes for which defendants were convicted involved a scheme to burn down a house in Chattanooga for the purpose of collecting insurance proceeds. We affirm the convictions.

### I.

■ The most troublesome of the several issues raised on appeal concerns the District Judge's procedure for admitting evidence pursuant to the co-conspirator exception to the hearsay rule. Fed.R.Evid. 801(d)(2)(E). During the course of its case-in-chief, the government introduced testimony describing out-of-court statements of Oren Ray Hall which implicated Kathryn Hall and Nickerson in the conspiracy. The court overruled hearsay objections, but gave the following instruction to the jury before allowing the witness to proceed:

. . . whenever it appears beyond a reasonable doubt from the evidence in the case that a conspiracy did exist and that a defendant, any particular defendant was a member of that conspiracy, then the statements thereafter made or knowingly made or the acts thereafter knowingly done in the furtherance of the conspiracy by any person likewise found to be a member of the conspiracy may be considered by the jury as evidence in the case as to the defendant found to have been a member of that conspiracy, even though the statements and acts may have occurred in the absence or without the knowledge of the defendant, provided that such statements and acts were knowingly made and were done during

the continuance of the conspiracy and in furtherance of some object or purpose of the conspiracy.

Otherwise, any statement or facts done by one person out of the presence of any other person charged with being a member of the conspiracy would not be considered by the jury as to any such other person, that is, any person other than the person making the statement.

In this interim instruction and in his final instructions to the jury, the District Judge left the question of the admissibility of co-conspirator hearsay for resolution by the jury. This was the proper procedure prior to the adoption of the new Federal Rules of Evidence, specifically Rule 104(a).[1]

In two recent cases, we have interpreted Rule 104(a) and set out new procedures for handling questions of admissibility of co-conspirator hearsay. In *United States v. Enright*, 579 F.2d 980 (6th Cir. 1978), we held that the admissibility of co-conspirator hearsay statements is a preliminary question to be resolved solely by the judge. In *United States v. Vinson*, 606 F.2d 149 (6th Cir. 1979), we set forth procedural guidelines to aid judges in deciding the preliminary question of admissibility. We specifically disapproved of comments by the judge *in the jury's presence* either describing the government's burden of proof on the preliminary question or finding the existence of a conspiracy. Here the District Judge left the question to the jury, and this was incorrect.

The defendants were not prejudiced, however. The judge did not declare, as defendants argue, that *he* believed that the government had proven its case of conspiracy beyond a reasonable doubt or even that *he* believed that the hearsay was admissible. Rather, he told the jury, both at the time the testimony was introduced and as a final instruction, that the jury was to decide if the hearsay was admissible. In *Enright* we held that a virtually identical error was not prejudicial because it was, in effect, a "windfall" for the defendant, giving "him

the benefit of the jury's consideration of admissibility," or a "second bite at the apple." 579 F.2d at 986–87. The out-of-court statements in this case clearly were admissible under *Enright* and *Vinson*, and the trial judge's erroneous instructions that the jury should not consider the hearsay unless it appeared that the government had proven the existence of a conspiracy involving the defendants beyond a reasonable doubt gave the defendants a similar "windfall."

## II.

Defendants' other arguments are without merit.

■ 1. The procedure whereby transcripts of tape recordings were given to the jury as a listening aid while the tapes were played in court was substantially the same as that approved in *Vinson*[2] and many other cases. Defendants have not shown any prejudice resulting from the procedure used at trial.

■ 2. Defendants argue that the District Court improperly took judicial notice of Tennessee's arson statute, Tenn. Code Ann. § 39–501 (1975), and that their convictions should be reversed because they did not complete the offense under state law. The judge committed no error by taking judicial notice of the state arson statute. *E.g., United States v. Lyon*, 397 F.2d 505, 513 (7th Cir.), *cert. denied* 393 U.S. 846, 89 S.Ct. 131, 21 L.Ed.2d 117 (1968). The fact that defendants never completed the state offense has no bearing on their convictions under 18 U.S.C. § 1952 which proscribes the use of "any facility in interstate . . . commerce . . . with *intent* to . . . carry on . . . any unlawful activity." (Emphasis added.) The record contains ample evidence from which the jury could find beyond a reasonable doubt that each defendant used interstate facilities with the requisite intent to commit arson.

■ 3. Defendants claim that the District Judge's supplemental charge to the

---

**1.** *See United States v. Mayes*, 512 F.2d 637, 651 (6th Cir. 1975).

**2.** 606 F.2d 149 (6th Cir. 1979).

jury on the final afternoon of the trial coerced the jury into reaching a verdict. A review of the charge itself and the circumstances surrounding it[3] does not support this argument. The charge was not the controversial, "dynamite" charge approved in *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). The judge did not demand a verdict; he simply asked the jury to deliberate until 6 p. m. at which time he would adjourn until the next day if a verdict had not been returned. In sending the jury back for further deliberation, he stressed that no juror should abandon a conscientious conviction and that a verdict should be returned only if it was reached with "good conscience." This advice was not coercive.

■ 4. Defendant Oren Ray Hall argues incorrectly that his conspiracy conviction "merged" into his conviction under the Travel Act and that his consecutive sentences were "multiplicitous." Except in certain rare instances not present here involving the application of the *Wharton Rule*, the associational aspects of a criminal conspiracy make it a separate and distinct offense from the crime which is the object of the conspiracy, and a defendant may be charged, convicted and sentenced on both the substantive and the conspiracy offenses. See *Iannelli v. United States*, 420 U.S. 770, 777–79, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975).

■ 5. Defendant Nickerson objects to the introduction of evidence indicating that he had committed acts of arson in the past. Nickerson testified in his own defense that he lacked the necessary criminal intent when he discussed the arson in this case with Oren Ray Hall. Nickerson claimed that he was merely trying to recover a debt owed him by Hall. The evidence of Nickerson's prior involvement in arson was therefore properly admitted under Fed.R.Evid. 404(b) to show his intent on this occasion, an issue which Nickerson himself had raised. *United States v. Cooper*, 577 F.2d 1079, 1087 (6th Cir.), *cert. denied* 439 U.S. 868, 99 S.Ct. 196, 58 L.Ed.2d 179 (1978); *United States v. Ring*, 513 F.2d 1001, 1008 (6th Cir. 1975).

■ 6. Finally, Nickerson argues that he was prejudiced by the District Judge's

---

3. THE COURT: The Court has asked the jury to return in the case of United States versus Hall and others.

The purpose for which I have asked the jury to return is to require as to whether they have been able to reach a verdict yet and, if not, whether we should recess the deliberations until tomorrow.

Has the jury been able to reach a verdict with reference to all defendants and all counts in the indictment as of yet?

THE FOREMAN: No, sir.

THE COURT: Have you been able to reach a verdict in reference to any defendant or with reference to any count in the indictment as of yet, without identifying which count or which defendant?

THE FOREMAN: We have reached a verdict in three counts.

THE COURT: If you were to deliberate further this evening, what inconvenience would there be to any juror that would be inconvenienced if you were to deliberate further this evening, if so, would you indicate just by raising your hand? Do I understand from the fact that no juror has raised his or her hand that the jury would not be inconvenienced if you were to deliberate further this evening in an effort to arrive at a unanimous verdict upon all counts and as to all defendants?

Under those circumstances, ladies and gentlemen of the jury, I think it would be appropriate to ask that the jury deliberate some further this evening in an effort to arrive at a unanimous verdict upon all counts and upon all defendants.

You should bear in mind in that connection my instructions to the jury in regard to your duty to deliberate and to arrive at a unanimous verdict, if you can do so in good conscience.

In that regard, of course, no juror should give up a conscientious conviction which he or she may ultimately have had or may ultimately hold with regard to the verdict upon any particular count or any particular defendant, however, you should consider carefully the views of your fellow jurors and no juror should hesitate to change his or her views if you are persuaded to do so by the reasoning of your fellow jurors or by the recollection of the evidence as it may relate to the count or the defendant that is under consideration.

As I say, you should not give up a conscientious conviction which you may ultimately have but you should conduct your deliberations with a view toward arriving at a unanimous verdict, if you can do so within good conscience.

denial of his motion for severance. Fed.R. Crim.P. 14. There was no need for a severance. Strong evidence linked Nickerson with the conspiracy; and, Nickerson fails to specify any evidence admitted at the joint trial that would not also have been admissible against him at a separate trial.

The judgments of conviction are AFFIRMED.