**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Joseph HANS, Defendant-Appellee.**

No. 81–3037.

United States Court of Appeals,
Sixth Circuit.

Argued May 6, 1982.
Decided June 3, 1982.

Patrick Hanley, Christopher Barnes, Asst. U. S. Attys., Cincinnati, Ohio, for plaintiff-appellant.

Joseph Hans, pro se.

Before LIVELY and KRUPANSKY, Circuit Judges, and GILMORE, District Judge.[*]

KRUPANSKY, Circuit Judge.

Plaintiff-Appellant United States appeals an Opinion and Order of the District Court excluding certain documents as evidence in the criminal tax trial of Joseph Hans (Hans). This Court's jurisdiction is invoked under 18 U.S.C. § 3731 which permits appellate review of any decision excluding or suppressing evidence in a criminal proceeding "not made after the defendant has been put in jeopardy and before the verdict" if the United States certifies to the district court that the appeal is not taken for purposes of delay and that the evidence is a substantial proof of a fact material in the proceeding.

Hans was indicted on two counts of wilfully evading income taxes by understating his taxable income for 1973 and 1974, in violation of 26 U.S.C. § 7201, and two counts of filing false income tax returns by understating interest income and gross receipts for 1973 and 1974, in violation of 26 U.S.C. § 7205. A jury found Hans not guilty of the two § 7205 counts but was unable to render a verdict on the § 7201 counts whereupon a mistrial was declared. The government anticipates a retrial on the two § 7201 counts and appeals evidentiary rulings made by the district court during the first trial as memorialized in a post-trial Order and Opinion dated November 26, 1980.

During 1973 and 1974 the defendant's primary source of income was his law practice which consisted of, *inter alia*, an extensive workmen's compensation practice before the Ohio Bureau of Workmen's Compensation (OBWC). In an attempt to prove that Hans failed to report a substantial portion of the receipts from his OBWC practice, the government proffered into evidence ledger accounts into which the defendant had personally entered figures purported by the government to reflect the gross receipts of defendant's OBWC practice. These ledger accounts, which had been photocopied without defendant's knowledge or permission by one Phyllis Kunkler (Kunkler), a former law associate, had been identified by Kunkler who further testified that she had observed Hans personally making entries into the ledgers and that Hans recorded the clients' names and fees received from the clients and the dates thereof. Kunkler, however, could not interpret all of the information on the ledgers. Bill Swad also identified the ledgers and testified that Hans had told him that the ledger accounts had been utilized by the defendant to record income received from his OBWC clients.

The ledgers contained several hundred names. To further clarify the entries in the ledgers the government subpoenaed approximately 60 of the defendant's OBWC clients each of whom testified they had retained Hans and had payed him approximately ⅓ of their respective OBWC lump sum award(s) as his fee for legal services. Each further testified that as Hans had received their OBWC award checks, they were summoned to his office where they endorsed their checks which Hans then second-endorsed and cashed. The clients then received their two-thirds shares or, in some instances, two-thirds less expenses. All of the OBWC checks identified by these 60 clients were second-endorsed by Hans. Further, the figures to the left of each client's name in the ledgers almost universally coincided with the amounts the witnesses attested they had paid Hans.

[*] Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation.

Helen Haignere (Haignere), an employee of the OBWC who testified as a government witness, produced and identified several hundred OBWC checks payable to approximately 180 claimants for the years 1973 and 1974 all of which had been second-endorsed by the defendant Hans. Haignere identified these additional checks as OBWC checks which were within her supervision and control and maintained by the OBWC in the ordinary course of business. The information on these additional several hundred checks was reflected in defendant's personal ledgers. The District Court, by Opinion and Order dated September 23, 1980, 496 F.Supp. 957, refused the admission of the checks stating that admission would violate defendant's rights guaranteed by the Sixth Amendment's confrontation clause and conditioned admission of the proffered evidence upon producing the 180 named clients for cross-examination. Although the government thereafter attempted this monumental task, it was unable to locate approximately 21 clients who were adjudged "available" by the court and their respective checks were excluded as evidence. Further, the ledgers were ordered redacted to conform with the court's order. After a mistrial was declared, the government moved for a ruling on the admissibility of the checks and ledgers in unaltered form. By Opinion and Order dated November 26, 1980, the district court affirmed its earlier evidentiary rulings. This appeal ensued.

 Exclusion of the evidence was founded upon the Sixth Amendment to the United States Constitution and Rule 403 of the Federal Rules of Evidence, discussed *seriatim* hereinafter. The November 26, 1980 opinion under review adopted the rational espoused in the trial opinion dated September 23, 1980, wherein the district court, in holding that the defendant possessed a Sixth Amendment right to confront and cross-examine the payees of the remaining checks, cited *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980) as precedent:

In a recent case, the Supreme Court delineated the ways in which the confrontation clause restricts the use of hearsay evidence in criminal trials. *Ohio v. Roberts*, [448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597] (1980). Although the United States proposes to introduce documentary evidence, the principles enunciated in *Roberts* are relevant. The documentary evidence is a substitute for testimony by the Workmen's Compensation claimants or their representatives as to the claimants' fee arrangements with and payments to the defendant. The values protected by the confrontation clause are threatened in that such evidence would be admitted without affording the defendant the same opportunity for cross-examination that he was provided with the preceding sixty witnesses.

The district court's reliance on the Sixth Amendment and *Roberts* is inapposite. To the extent that the OBWC checks are testimonial, they are the testimony not of the clients but of the payor, OBWC, and the defendant was confronted with the OBWC custodian. The confrontation clause was facially satisfied. Further, in *Roberts* the Supreme Court, upon noting that the Sixth Amendment is not abrogated where the declarant is unavailable and the evidence has an "indicia of reliability", stated:

The Court has applied this "indicia of reliability" requirement principally by concluding that certain hearsay exceptions rest upon such solid foundations that admission of virtually any evidence within them comports with the "substance of the constitutional protection." *Mattox v. United States*, 156 U.S. [237], at 244, 15 S.Ct. [337], at 340 [39 L.Ed. 409]. This reflects the truism that "hearsay rules and the Confrontation Clause are generally designed to protect similar values," *California v. Green*, 399 U.S. [149], at 155, 90 S.Ct. [1930] at 1933 [26 L.Ed.2d 489], and "stem from the same roots," *Dutton v. Evans*, 400 U.S. 74, 86, 91 S.Ct. 210, 218, 27 L.Ed.2d 213 (1970). It also responds to the need for certainty in the workaday world of conducting criminal trials.

100 S.Ct. at 2539. The district court acknowledged that the checks were exceptions to the hearsay rule under Rule 803(6) and Rule 803(8), both of which could be utilized "even though the declarant is available as a witness". Clearly *Roberts* does not support exclusion of the instant checks. *See also: United States v. Prevatt,* 526 F.2d 400 (5th Cir. 1976); *United States v. Sand,* 541 F.2d 1370 (9th Cir. 1976), *cert. denied sub. nom. Scully v. United States,* 429 U.S. 1103, 97 S.Ct. 1130, 51 L.Ed.2d 553 (1976). Further, the confrontation clause does not prohibit admission of the ledgers in unaltered form since they are the defendant's documents and are admissible as declarations against interest. Sixth Amendment exclusion of the checks and ledgers was improper.

 The district court also determined that exclusion of the checks was independently justified by Rule 403 of the Federal Rules of Evidence, stating "admission . . . without the accompanying testimony of the claimants would result in undue prejudice to the defendant as well as in confusing the issues and misleading the jury." A Rule 403 exclusion is appropriate only where the probative value of the relevant evidence is *substantially* outweighed by the danger of unfair prejudice. *United States v. Brady,* 595 F.2d 359, 361 (6th Cir. 1979), *cert. denied,* 444 U.S. 862, 100 S.Ct. 129, 62 L.Ed.2d 84 (1979); *United States v. Phillips,* 575 F.2d 97 (6th Cir. 1978); *United States v. Roberts,* 548 F.2d 665 (6th Cir.), *cert. denied sub. nom. Williams v. United States,* 431 U.S. 920, 97 S.Ct. 2188, 53 L.Ed.2d 232 (1977); *United States v. Green,* 548 F.2d 1261 (6th Cir. 1977). We have also stated:

> In reviewing a decision of a trial court on this issue we must look at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect.

*Brady, supra,* 595 F.2d at 361. Applying these standards, this Court concludes that the trial judge abused his discretion in refusing to admit the instant evidence. The evidence was and is relevant to and probative of defendant's gross receipts which can be differentiated from taxable income through jury instructions. The district court improperly invaded the jury function of ascertaining what inferences and weight, if any, should attach to admissible and relevant evidence.

 Defendant maintains that a retrial on the two § 7201 counts would violate the double jeopardy clause. This issue is not properly before this Court in this appeal and therefore is not addressed or considered herein.

Upon consideration of the record in its entirety, this Court concludes that the district court improperly applied the confrontation clause and abused its Rule 403 discretion. The checks and the ledgers in unaltered form are admissible. Accordingly, the district court's order is vacated. In the event that this case is retried, the court is instructed to admit this evidence in accordance with this opinion.