805 F.2d 1037
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mary C. McKee GRANGER, Defendant-Appellant.
 No. 85-1833.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1986.
 
 Before JONES and KRUPANSKY, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant Mary C. McKee Granger appeals her conviction for aiding and assisting in the preparation of fraudulent tax returns in violation of I.R.C. Sec. 7206(2) (1982). Granger contends on appeal that the district court erred in admitting similar act evidence against her, retaining a juror after learning of the juror's misconduct, and requiring Granger to disclose certain documentary evidence to the government not required by reciprocal discovery under Fed.R.Crim.P. 16(b)(1)(A). She also alleges that the district court coerced the deadlocked jury into reaching a verdict and that the district court's bias and prejudice against Granger and her counsel deprived Granger of her constitutional rights to the effective assistance of counsel and a fair trial. We find that the district court properly admitted the similar act evidence and did not abuse its discretion in retaining the juror, and that Granger's remaining claims of reversible error are without merit. Accordingly, we affirm.
 
 
 2
 Granger was a self-employed tax preparer who had done business in the Ypsilanti, Michigan area for over thirty years. In October, 1984, a grand jury returned a thirty-seven count indictment against her, relating to tax returns she had prepared for the tax years 1975 through 1980. Thirty-three of the counts charged Granger with aiding and assisting in the preparation of fraudulent tax returns in violation of I.R.C. Sec. 7206(2) (1982), and four counts charged her with making false statements to the United States Tax Court in contravention of 18 U.S.C. Sec. 1001 (1982). It was the government's theory underlying the section 7206(2) charges that Granger had prepared false returns for her clients by omitting income, inflating exemptions and deductions, and improperly depreciating assets.
 
 
 3
 Following a lengthy jury trial, Granger was found guilty of thirteen counts, all violations of section 7206(2), and acquitted on eleven counts, including all the counts charging the making of false statements. On the remaining counts the jury was unable to reach unanimity, and the district court declared a mistrial as to these. Granger was sentenced to eighteen months imprisonment on each guilty count, the sentences to run concurrently, and fined $5,000. This appeal ensued.
 
 
 4
 Granger contends that evidence of her prior conviction, in 1970, for aiding in the preparation of fraudulent tax returns in violation of I.R.C. Sec. 7206(2) (1982), and the testimony of an Internal Revenue Service ("IRS") agent regarding the acts underlying one count of the indictment leading to this prior conviction were introduced against her in contravention of Rules 403 and 404(b) of the Federal Rules of Evidence. Before admitting evidence of a prior conviction, "the district court must determine that the evidence is admissible for a proper purpose and that the probative value of the evidence outweighs its potential prejudicial effects." United States v. Ismail, 756 F.2d 1253, 1259 (6th Cir.1985); see also United States v. Dabish, 708 F.2d 240, 242 (6th Cir.1983) (per curiam). Although "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith," such evidence may be admitted for the proper purposes of proving "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b). Nevertheless, the similar act evidence was inadmissible to prove Granger's mental state, e.g., intent, unless Granger had put intent in issue or the intent to commit the act was not inferable from proof of the criminal act itself. See United States v. Schaffner, 771 F.2d 149, 153 (6th Cir.1985); United States v. Johnson, 697 F.2d 735, 738-39 (6th Cir.1983); United States v. Ring, 513 F.2d 1001, 1007-09 (6th Cir.1975). Finally, the evidence must be substantially similar and reasonably near in time to the offense for which the defendant is being tried. United States v. Blankenship, 775 F.2d 735, 739 (6th Cir.1985); Ismail, 756 F.2d at 1259; United States v. Largent, 545 F.2d 1039, 1043 (6th Cir.1976), cert. denied, 429 U.S. 1098 (1977).
 
 
 5
 Granger alleges that this similar act evidence was improperly admitted to establish her intent, knowledge, or absence of mistake in committing the criminal acts with which she was charged because she had not made her mens rea an issue in the case. We find, however, that Granger sufficiently put her intent in issue to justify the introduction of the similar act evidence. Arguing in the district court against admission of the evidence, Granger characterized her defense to the tax preparation charges as one in which she would seek to show that she had prepared the tax returns in question to the best of her ability based on the information supplied by her clients, or, in other words, without the "willfulness" necessary for a conviction. See I.R.C. Sec. 7206(2). Following the district court's tentative decision to admit the evidence but before the evidence was admitted, Granger's counsel posited to the jury in his opening statement that the dispositive issue in the case was whether Granger had "intentionally, knowingly, willfully and fraudulently" prepared false tax returns. Granger maintained this position throughout the trial, explicitly grounded her defense to one count (count 13) on mistake, and even requested (and received) a jury instruction precluding conviction if the jury found that she had acted out of negligence.
 
 
 6
 Furthermore, even assuming that Granger had not put her mental state in issue, the similar act evidence was still properly admitted. Intent cannot be inferred solely from the proof of preparation of erroneous tax returns which, as claimed by Granger, could have been prepared based on incorrect raw data from clients or through negligence. See Ring, 513 F.2d at 1007-08. Thus, since fraudulent preparation of tax returns is a specific intent crime, the similar act evidence was properly admitted in the government's case-in-chief. See Dabish, 708 F.2d at 242; United States v. Hamilton, 684 F.2d 380, 384 (6th Cir.), cert. denied, 459 U.S. 976 (1982); Ring, 513 F.2d at 1009.
 
 
 7
 Alternatively, Granger claims that the act introduced against her was too distant in time to be properly admitted under Rules 403 and 404(b). The act to which the IRS agent testified occurred in 1965 and Granger's prior conviction came in 1970, thirteen and eight years, respectively, before the first criminal act alleged in the instant case. Nevertheless, cognizant that "[t]here is no absolute maximum number of years that may separate a prior act and the offense charged," Ismail, 756 F.2d at 1260 (citing cases admitting eleven and thirteen year old convictions), we find the conviction and the prior act, which was substantially similar to the acts charged against Granger in the instant indictment,[1] to be sufficiently near in time to warrant their admission under Rule 404(b). Accordingly, we find no error in the district court's admission of the similar act evidence against Granger.[2]
 
 
 8
 Granger also contends on appeal that the district court erred in retaining a juror, without polling the jury, after learning of the juror's misconduct in discussing the case with her husband. "When possible juror misconduct is brought to the trial judge's attention he has a duty to investigate and to determine whether there may have been a violation of the sixth amendment" guarantee of an impartial jury. United States v. Shackleford, 777 F.2d 1141, 1145 (6th Cir.1985), cert. denied, 106 S.Ct. 1981 (1986). "Since the trial judge is in the best position to determine the nature and extent of the alleged jury misconduct, his decision on the scope of proceedings necessary to discover misconduct is reviewed only for an abuse of discretion." Id. (citing cases). Furthermore, a district court's discretion extends to decisions concerning whether to excuse a juror. Anderson v. Dun & Bradstreet, Inc., 543 F.2d 732, 734-35 (10th Cir.1976).
 
 
 9
 During trial, Granger's defense counsel informed the trial court judge that one Jim Marshall had informed counsel that several employees of a local grocery had learned from their supervisor, the husband of one of the jurors, that Granger was on trial for over 36 counts of tax fraud and "was guilty as sin or guilty as hell." After interviewing Marshall, and identifying the juror as second alternate Caroline Nicosia, the district court judge questioned Nicosia and every other member of a chain of communication which ran from Nicosia to her husband to Thomas Powers, a grocery store employee, to Powers' mother-in-law Georgette Campbell to Marshall to Granger. During this investigation Powers denied that his boss, Nicosia's husband, had offered an opinion concerning Granger's guilt or that he, Powers, had made such a statement to Campbell. Campbell testified that Powers had communicated to her that Granger was guilty, but could not say whether this was Powers' personal opinion or a reiteration of the store conversation.
 
 
 10
 Based upon its examination, the district court reasonably concluded that the misconduct discovered did not rise to the serious level of impropriety at first suggested by Granger, but involved the communication of generalities only, insufficient to establish bias or warrant the discharge of an alternate juror who probably would not (and, in fact, did not) deliberate on Granger's guilt.[3] Moreover, the court below was faced only with this question of juror misconduct arising from improper communications with a nonjuror spouse about the pending case. Granger presented no evidence to the court showing that Nicosia had improperly discussed the case with other jurors. Granger's counsel additionally conceded that insufficient evidence existed to show that Nicosia was biased, and early in the investigation had declined the court's offer to poll the other jurors concerning their communication with anyone about the case. Granger's mere speculation that Nicosia, having once improperly talked about the case, would likely have discussed the case with the other jurors prior to their deliberation is insufficient to support a conclusion that the district court erred to her prejudice. See Adams v. United States, 317 U.S. 269, 281 (1942) ("[I]t is not asking too much that the burden of showing essential unfairness be sustained by him who claims such injustice and seeks to have the result set aside, and that it be sustained not as a matter of speculation but as a demonstrable reality."). Cf. Smith v. Phillips, 455 U.S. 209, 215-17 (1982) (defendant bears burden of demonstrating actual juror bias to warrant a new trial due to jury partiality); United States v. Pennell, 737 F.2d 521, 532 (6th Cir.1984) (same), cert. denied, 105 S.Ct. 906 (1985). Under these circumstances, we conclude that the district court did not abuse its discretion in not polling the other jurors to determine if Nicosia had discussed the case with them or in retaining Nicosia as a juror.
 
 
 11
 Finally, we find the remaining contentions raised by Granger on appeal to be without merit. First, even if the district court erred in requiring Granger to supply the government with documents intended for use only in her cross-examination of the government's witnesses, such error was harmless. The affidavits which Granger was required to disclose to the government were used by her to refute the testimony of two witnesses relating to counts upon which Granger was acquitted. Next, we find Granger's contention that the district court's twice giving of supplemental jury charges urging the jury to attempt to reach agreement on all counts coerced a compromise verdict to lack merit. The instructions to the jury, of the type approved in Allen v. United States, 164U.S. 492 (1896), and by this Court, see United States v. Nickerson, 606 F.2d 156, 159 & n. 3 (6th Cir.), cert. denied, 444 U.S. 994 (1979), contained the very important admonition that no juror should acquiesce to the majority, see United States v. Scott, 547 F.2d 334, 337 (6th Cir.1977), and did not make objectionable references to such things as the expense of a retrial or the court's crowded docket. See id. Although giving the second such charge after the jury had deliberated for six days and twice informed the court of its inability to reach unanimity may have been coercive in other circumstances, the jury foreman's note to the judge on the last day of deliberations, which indicated that the jury had been deadlocked in the so-called "compromise" position even before receiving the second "Allen charge," belies any suggestion that the second charge coerced the jury into a verdict in this case. Lastly, we reject Granger's contention that the district court's bias and prejudice against Granger and her counsel deprived Granger of her constitutional right to the effective assistance of counsel and a fair trial. Our review of the instances of alleged judicial misconduct cited by Granger shows that the district court judge was merely fulfilling his duty as "governor of the trial," Quercia v. United States, 289 U.S. 466, 469 (1933), by requiring Granger's counsel to properly frame questions, e.g., United States v. Martin, 740 F.2d 1352, 1360 (6th Cir.1984), cert. denied, 105 S.Ct. 3506 (1985), and by maintaining order and decorum in the proceedings, e.g., United States v. Tilton, 714 F.2d 642, 644 (6th Cir.1983) (per curiam).
 
 
 12
 In light of the foregoing, the district court's judgment of conviction against Granger is AFFIRMED.
 
 
 
 [1]
 See footnote 2 infra
 
 
 [2]
 To round out our discussion of the admissibility of this evidence, we find that the prior act evidence admitted against Granger was substantially similar to the acts charged in the instant case. See United States v. Blankenship, 775 F.2d 735, 739 (6th Cir.1985). The prior act involved the falsification of documents to support an excessive tax deduction. In the instant case, Granger was charged with supplying false documents to the U.S. Tax Court in counts 34-37, and the remaining counts relate to fraudulent reporting resulting from excessive exemptions, deductions, or depreciation, making the prior act evidence substantially similar
 Finally, the district court did not abuse the broad discretion accorded it in balancing the Rule 403 interests. See, e.g., United States v. Metzger, 778 F.2d 1195, 1206 (6th Cir.1985), cert. denied, 106 S.Ct. 3279 (1986). The prior act evidence was highly probative of Granger's intent, knowledge, and absence of mistake, and the only specific prejudice to Granger allegedly resulted from her lack of memory of the 1965 act which could have been refreshed by her prior trial testimony and discussions with her former defense attorney. Viewed "in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudical effect," United States v. Brady, 595 F.2d 359, 361 (6th Cir.), cert. denied, 444 U.S. 862 (1979), the prejudice did not "substantially outweigh" the probative value as required by Rule 403. See Fed.R.Evid. 403.
 
 
 [3]
 Indeed, as previously noted, Granger conceded at trial that insufficient evidence existed to establish that Nicosia was biased