884 F.2d 581
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Denita M. KINNARD, Defendant-Appellant.
 No. 88-6437.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1989.
 
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and THOMAS A. HIGGINS, District Judge*.
 PER CURIAM.
 
 
 1
 Defendant-appellant Denita M. Kinnard appeals her jury convictions for one count of possession of cocaine in violation of 21 U.S.C. Sec. 844, and one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). Defendant also challenges the district court's sentence as an unreasonable upward departure under the United States Sentencing Guidelines. For the reasons that follow, we affirm.
 
 I.
 A.
 
 2
 Defendant was indicted on August 1, 1988, after a search of her home on March 3, 1988, revealed a large amount of cocaine. At the time of the search, defendant was apprehended with 1.12 grams of cocaine in her hand. Defendant filed a motion to suppress the evidence seized during the search, but the district court denied the motion.
 
 
 3
 A jury trial commenced on November 2, 1988, and on November 4, 1988, the jury found defendant guilty as to both counts. Application of the Sentencing Guidelines resulted in a sentencing range of 63 to 78 months imprisonment. However, on December 19, 1988, the district court sentenced defendant to 90 months imprisonment. This timely appeal followed.
 
 B.
 
 4
 On March 2, 1988, the Louisville Police Department received a tip that cocaine trafficking was occurring at 635 Floral Court, Apartment No. 2, Louisville, Kentucky. After surveillance of the apartment, a search warrant was obtained and the apartment was searched at 5:30 p.m. on March 3, 1988. The search produced cocaine and drug-related paraphernalia. In the kitchen of the apartment, detectives found a triple beam scale, a strainer with a white powder residue on it, Manitol (a substance commonly used for cutting cocaine), and a digital pager.
 
 
 5
 In the rear bedroom, which defendant indicated was hers, detectives found a gray bag which had inside it another bag containing two packages of cocaine wrapped in a newspaper from Columbia, South America. More cocaine was found inside the brass tubing of a dresser mirror. Cash was found between the mattress and box springs of defendant's bed as well as on a window sill in the bedroom. In all, approximately two kilograms of cocaine and over $1,300 in cash were seized in defendant's apartment.
 
 
 6
 Detectives questioned defendant about the cocaine, and she indicated that the gray bag belonged to an individual she had recently picked up at a bus station. Defendant told detectives that she was unemployed yet offered no explanation as to why she needed a pager. Although defendant told the detectives that the pager was hers, at trial she stated it had been left there by an individual who frequented her apartment, LePugh Rutledge. Also, defendant stated that the drug paraphernalia, including the scales and the sifter, belonged to Rutledge and her brother.
 
 
 7
 On appeal defendant raises three issues: (1) whether the district court erred in denying her motion to suppress evidence obtained during the March 3, 1988, search of her apartment; (2) whether the district court erred in permitting certain cross-examination of the defendant; and (3) whether the district court erred in upwardly departing from the applicable Sentencing Guidelines range.
 
 II.
 A.
 
 8
 As indicated, defendant argues that the evidence obtained during the search of her residence should have been suppressed because it was obtained in violation of the Fourth Amendment. However, we hold that defendant has waived appellate review of the district court's denial of her motion to suppress.
 
 
 9
 Pursuant to the Local Rules of the United States District Court for the Western District of Kentucky, motions in criminal cases are to be made within eleven days after arraignment. In the present case, an order was entered on September 21, 1988, which incorporated this eleven-day requirement. Defendant, however, filed her motion to suppress on October 28, 1988, well beyond the eleven-day limit and just five days prior to trial. The district court noted that the motion was untimely, but defendant's counsel offered no valid explanation for the motion's untimeliness, stating: "I don't have a valid excuse for not filing that motion prior to the time except I would like to advise the Court that I think both the government and myself were in the earnest belief that this case was going to be settled up until about a week ago [but] the case was not resolved ... and for that reason, I didn't file any motion to suppress." J.A. at 15-16. The district court nevertheless permitted the motion to be filed, allowed the government to file a response, but denied the motion on the merits.
 
 
 10
 Motions to suppress are required to be made as pretrial motions pursuant to Fed.R.Crim.P. 12(b)(3). Failure to raise a Rule 12(b)(3), pretrial motion within the time set by the court constitutes a waiver. Fed.R.Crim.P. 12(f). Rule 12(f) provides in part as follows:
 
 
 11
 Failure by a party to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court ... or prior to any extension thereof made by the court, shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver.
 
 
 12
 Fed.R.Crim.P. 12(f).
 
 
 13
 In United States v. Oldfield, 859 F.2d 392 (6th Cir.1988), this court held that Rule 12(f) should be strictly applied and the "failure to raise 12(b) motions in a timely fashion precludes appellate review." Id. at 396 (citing United States v. Davis, 809 F.2d 1194, 1208 (6th Cir.), cert. denied, 107 S.Ct. 3234 (1987)). In Oldfield, as in the present case, defendant failed to file a Rule 12(b) motion to suppress within the time set by the district court. The district court, however, decided to consider the motion on its merits. We held that issues brought by way of an untimely Rule 12(b) motion are waived pursuant to Rule 12(f) "even though the district court rules on the merits of the motion despite its untimeliness." Id. We found that the only exception to the above rule applies when the district court finds that cause and actual prejudice exist. Id. at 397. See also United States v. Sachs, 801 F.2d 839, 847 (6th Cir.1986).
 
 
 14
 In the present case, by defense counsel's own admission, no cause existed for the untimeliness of the motion to suppress. As a result, the issues raised in the motion are not preserved for this court's review. This result is required under Oldfield despite the fact that "the district court specifically ruled on the merits...." Oldfield, 859 F.2d at 397.[1]
 
 B.
 
 15
 Defendant also argues that the district court erred in permitting cross-examination allegedly improper under Fed.R.Evid. 403. As stated, during the search of defendant's apartment, a pager was found on the kitchen table. Defendant told the detectives that the pager was hers. However, at trial defendant disclaimed ownership of the pager, asserting that LePugh Rutledge owned the pager and that he had left it in her apartment. However, on cross-examination, the United States produced a rental document showing that defendant had in fact rented a pager. Defendant explained that the rental document pertained to a pager she had rented for a baby-sitting job. She maintained, however, that the pager found in her apartment was not the one she had rented. Defendant's counsel objected to this questioning, arguing that the evidence relating to the pager was "misleading [to] the jury." Fed.R.Evid. 403.
 
 
 16
 We hold that the district court properly permitted the government to cross-examine defendant with respect to the rental document. We have held that exclusion of evidence under Rule 403 is necessary only where the probative value of the relevant evidence is substantially outweighed by the danger of unfair prejudice. United States v. Zipkin, 729 F.2d at 389-90 (6th Cir.1984); United States v. Hans, 684 F.2d 343, 346 (6th Cir.1982). In reviewing a district court's ruling on a Rule 403 objection we must look at the evidence in the light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect. Zipkin, 729 F.2d at 389-90 (quoting 1 J. Weinstein & M. Berger, Weinstein's Evidence p 403 (1982)). We have also noted that " '[u]nfair prejudice' as used in Rule 403, does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis." United States v. Schrock, 855 F.2d 327, 335 (6th Cir.1988) (emphasis in original) (quoting United States v. Mendez-Ortiz, 810 F.2d 76, 79 (6th Cir.1986), cert. denied, 480 U.S. 922 (1987)).
 
 
 17
 In the present case, no unfair prejudice resulted from the government's cross-examination. Questioning regarding the rental document was clearly permissible to impeach defendant's denial that the pager found in her apartment was her pager. The document is probative in that its submission makes it more likely than it would be without the evidence that the pager found in defendant's apartment was her pager. Thus, the district court correctly ruled on this issue.
 
 C.
 
 18
 As indicated, defendant received a 90-month sentence of imprisonment. This sentence was an upward departure from the Guidelines sentencing range. Defendant argues that the district court erred in departing from the guideline range. Defendant also argues that the court erred in failing to make certain findings of fact regarding the sentencing range. We reject these arguments.
 
 
 19
 Pursuant to the Sentencing Reform Act of 1984, appellate review of a district court's decision to depart from the Guidelines is limited. 18 U.S.C. Sec. 3742(e). Under the Act, a sentence departing from the Guidelines should be affirmed unless "unreasonable." Id. In determining whether a departure is unreasonable, this court should consider whether "there exists an aggravating ... circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." 18 U.S.C. Sec. 3553(b).
 
 
 20
 With respect to the district court's factual findings, 18 U.S.C. Sec. 3742(e) provides that on appeal this court should defer to the district court's factual findings unless "clearly erroneous." Moreover, we are required to "give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. Sec. 3742(e). See also United States v. Perez, 871 F.2d 45, 47 (6th Cir.), cert. denied, 109 S.Ct. 3227 (1989); United States v. Mejia-Orosco, 867 F.2d 216, 219 (5th Cir.), cert. denied, 109 S.Ct. 3257 (1989).
 
 
 21
 In the present case, the district court found an aggravating circumstance existed not taken into consideration in the formulation of the Guidelines. Specifically, the court relied upon the purity of the cocaine seized:
 
 
 22
 I find that there exists an aggravation of a circumstance of a kind or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. That aggravating situation is the purity of the substance ... [which] warrant[s] upward departure.
 
 
 23
 J.A. at 115.
 
 
 24
 The commentary to section 2D1.1 of the Guidelines provides that "[t]rafficking in controlled substances, compounds, or mixtures of unusually high purity constitutes a basis to increase a sentence above the applicable guideline range." Sentencing Guidelines and Policy Statements 2.33 (April 13, 1987). The commentary continues that "[s]ince controlled substances are often diluted and combined with other substances as they pass down the chain of distribution, the fact that a defendant is in possession of unusually pure narcotics may indicate a prominent role in the criminal enterprise and proximity to the source of drugs." Id. In this case, the district court found that defendant possessed 100 percent pure cocaine capable of producing a much higher quantity for purposes of distribution. We hold that this finding of fact is not clearly erroneous, and thus the district court's sentence cannot be said to be unreasonable. Given that the Guidelines specifically permit departure where high purity substances are involved, the sentence of 90 months is reasonable.
 
 
 25
 Defendant also argues that the district court erred in: (1) failing to decrease her offense level because she was a "minimal participant," (2) failing to decrease her offense level because of her assistance to the prosecution, and (3) failing to reduce her sentence given her "acceptance of responsibility." After careful review of the record and the district court's findings, we hold that the district court did not clearly err in rejecting these arguments. Thus, we are bound by the court's findings and hold that the sentence should be affirmed.
 
 III.
 
 26
 For the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Thomas A. Higgins, United States District Judge, Middle District of Tennessee, sitting by designation
 
 
 [1]
 We note in passing that even had defendant preserved her motion to suppress, we would affirm the district court's ruling on the merits. The district court held that although the warrant authorizing the search of defendant's apartment was not supported by probable cause, the officers relied on the warrant in good faith. See United States v. Leon, 468 U.S. 897 (1984). After careful review of the record, we agree with the district court that given the "totality of the circumstances," Illinois v. Gates, 462 U.S. 213 (1983), the warrant in this case was not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Leon, 468 U.S. at 923 (quoting Brown v. Illinois, 422 U.S. 590, 610-11 (1975))