884 F.2d 581
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Delroy ROBINSON and Henry Golding, Defendants-Appellants.
 Nos. 88-3888, 88-3913.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1989.
 
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges, and THOMAS G. HULL, Chief U.S. District Judge.
 PER CURIAM:
 
 
 1
 Defendant, Delroy Robinson ("Robinson"), appeals his jury conviction and sentence for conspiring to distribute and possess, with the intent to distribute cocaine; interstate travel in aid of racketeering; possession with intent to distribute cocaine; conspiring to violate the federal money laundering statutes; and two counts of violating the federal money laundering statutes. Henry Golding ("Golding") appeals the sentence imposed following his guilty plea to conspiracy; possession with intent to distribute cocaine; and violation of the federal money laundering statutes. Robinson contends that the counts of the indictment were void for vagueness and did not charge an offense; that he was convicted on insufficient evidence; that the district court erred by failing to give a requested reasonable doubt instruction; and that the district court erred by allowing the government to introduce and refer to certain evidence. Both Golding and Robinson contend that the Sentencing Guidelines are unconstitutional and violate their rights to due process. Golding also argues that the district court failed to give him credit under the Guidelines for accepting responsibility for the crime. For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 On March 24, 1988, a twenty-four count superseding indictment was filed. Robinson was charged in six counts of the indictment and Golding was charged in twenty counts of the indictment. Golding pled guilty to four counts and was sentenced to 121 months imprisonment pursuant to the Sentencing Guidelines. On June 7, 1988, a jury found Robinson guilty of all six counts and the district court sentenced him to ninety-six months imprisonment pursuant to the Sentencing Guidelines.
 
 II.
 
 3
 On January 14, 1988, after six months of investigation and surveillance of Robinson and Golding by the Caribbean Task Force, Robinson was stopped at a gas station pursuant to a search warrant for the vehicle Robinson was driving. Robinson informed the officers that he was a Jamaican national but had left his "green card" in Illinois. While enroute to the station to await Immigration officials, the officers were informed that pursuant to another search warrant, cocaine had been seized in an apartment occupied by Robinson. Robinson was then arrested for violating federal narcotics laws. A twenty-four count indictment was returned against both Robinson and Golding after further investigation and cooperation from a co-defendant, Patrice Angelique Ricketts ("Ricketts"). The evidence presented at Robinson's trial included the testimony of Ricketts; testimony of accomplices, Michelle Smalley and Valerie Mitchell (Robinson's girlfriend); testimony of a Western Union official; testimony of law enforcement officers, surveillance logs, surveillance photographs, seized cocaine, photographs, currency, firearms and records.
 
 III.
 
 4
 On appeal, Robinson alleges that the district court erred by permitting the government to introduce a newspaper article found in his apartment. Robinson contends that the article was not relevant and if relevant, its probative value was substantially outweighed by its prejudicial effect. Fed.R.Evid. 401-03. The article, which was never presented to the jury, was printed in the September 13, 1987, issue of the Cleveland Plain Dealer. The article described criminal activity similar to that which Robinson was charged. Testimony regarding the article was limited to reading the headline of the article.
 
 
 5
 Under the federal rules of evidence, all relevant evidence is admissible if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable." Fed.R.Evid. 401 & 402. "Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleads the jury." Fed.R.Evid. 403. This court has held however, that "the decision to admit relevant, but potentially prejudicial, evidence is committed to the sound discretion of the trial court." United States v. Schrock, 855 F.2d 327 (6th Cir.1988) (citing United States v. Zipkin, 729 F.2d 384, 389 (6th Cir.1984); United States v. Hans, 684 F.2d 343 (6th Cir.1982); United States v. Brady, 595 F.2d 359, 361 (6th Cir.), cert. denied, 444 U.S. 862 (1979)). When reviewing the decision of a trial court for abuse of discretion, the "appellate court must view the evidence in the light most favorable to the proponent, giving the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." Zipkin, 729 F.2d at 390. This court is therefore confined to a very limited standard of review and is unable to agree with Robinson that the trial court abused its discretion in admitting testimony regarding the newspaper article.
 
 
 6
 Robinson argues that counts one and eight of the indictment charging conspiracy are vague and indefinite. Robinson contends that there is insufficient proof that he willfully became a member of the conspiracy or that he knowingly committed an overt act in furtherance of the conspiracy. The Supreme Court has held that an indictment need only "contain[ ] the elements of the offense intended to be charged, 'and sufficiently apprise [ ] the defendant of what he must be prepared to meet,' ..." Russell v. United States, 369 U.S. 749, 763 (1962).
 
 
 7
 Count one of the indictment describes six overt acts related to the conspiracy to possess cocaine with the intent to distribute and Robinson is named in two overt acts. Count eight of the indictment identifies twelve overt acts involving the conspiracy to conduct financial transactions involving the distribution of cocaine in an effort to conceal the nature and source of the proceeds. Robinson was named in two of these overt acts. The indictment clearly sets forth the elements of each offense, specifically informing Robinson that he is charged with possessing one-hundred and fifty grams of cocaine and assisted in transferring proceeds from the sale of narcotics by way of Western Union. A plain reading of the indictment sufficiently satisfies the Russell criteria. Robinson's argument is therefore without merit.
 
 
 8
 Robinson next argues that he is entitled to a new trial because the district court erred by failing to give the requested reasonable doubt instruction. The instruction given by the district court is the one most district courts prefer.[1] United States v. McBride, 786 F.2d 45, 51-2 (2nd Cir.1986); United States v. Hollister, 746 F.2d 420, 424 (8th Cir.1984); United States v. Mars, 551 F.2d 711, 716 (6th Cir.1977)("hesitate to act" language suggested in 1 E. Devitt & C. Blackmar, Federal Jury and Practice Instructions Sec. 11.14(3d ed. 1979) preferred over "real possibility" instruction). Accordingly, the district court did not err by refusing to give Robinson's requested instruction.
 
 
 9
 Robinson attempts to raise a Wharton Rule violation argument alleging that the Government improperly charged him with substantive crimes, as well as conspiracy to distribute cocaine, and conspiracy to launder the proceeds of that illegal activity. This argument, however, is meritless. See Ianelli v. United States, 420 U.S. 770 (1975)(Wharton's Rule does not apply where the commission of the substantive offense and a conspiracy to commit that offense are separate and distinct offense); United States v. Nickerson, 606 F.2d 156 (6th Cir.), cert. denied, 444 U.S. 994 (1979); accord, United States v. Towers, 512 F.2d 1057 (6th Cir.), cert. denied, 423 U.S. 846 (1975).
 
 
 10
 Robinson also argues that he is entitled to a new trial because the evidence was insufficient to sustain his conviction. When responding to a claim of insufficiency of the evidence, the reviewing court must sustain the verdict of the jury "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80, reh'g denied, 315 U.S. 827 (1942).
 
 
 11
 The evidence against Robinson included the testimony of members of the Caribbean Task Force who conducted the six month investigation, surveillance and subsequent searches and seizure of the car Robinson was driving and the apartment he occupied. Others who testified at Robinson's trial, including his girlfriend, Valerie Mitchell, sufficiently identified Robinson and Golding and their involvement in the sale and distribution of cocaine, as well as the wire transfer of the proceeds from the narcotic transactions. Robinson had a full opportunity to cross examine every witness before the jury considered the evidence before it and returned a verdict of guilty on all counts. We, therefore, hold that the district court correctly denied Robinson's post-trial motions.
 
 IV.
 
 12
 Both Robinson and Golding appeal their sentences alleging that the Sentencing Guidelines are unconstitutional and violate their right to due process. The Supreme Court recently held that the Guidelines are constitutional. Mistretta v. United States, 109 S.Ct. 647 (1989), therefore, Robinson's and Golding's argument is without merit. In addition, two recent cases out of this circuit have held that the Guidelines do not violate a defendant's right to due process. United States v. Jacobs, No. 88-3794 (6th Cir. filed June 8, 1989); United States v. Allen, No. 88-5739 (6th Cir. filed May 4, 1989).
 
 
 13
 Golding also argues that the district court improperly applied the Guidelines. Golding contends that the offense level should have been reduced to give him credit for accepting responsibility for his criminal activity, pursuant to section 3E1.1 of the Sentencing Guidelines. According to the presentence report prepared by the Probation Department, Golding's combined adjusted offense level was a level 32. The report also indicates that Golding was given credit for accepting responsibility as his offense level was reduced to a level 30 which carried a sentence ranging from 97 to 121 months imprisonment.
 
 
 14
 Accordingly, for all the foregoing reasons, we AFFIRM.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 The district court gave the following instruction:
 It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense--the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of its own affairs.
 Transcript at 773-74.