888 F.2d 128
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Riley E. HARRIS a/k/a "Butch" Harris and Dorsie Lee Terrill,
Defendants-Appellants.
 No. 88-6093.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1989.
 
 BEFORE NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and GEORGE E. WOODS, District Judge.*
 PER CURIAM.
 
 
 1
 Defendants Riley Harris, owner of a coal and hauling business in Campton, Kentucky, and Dorsie Lee Terrill, one of his employees, appeal from a judgment entered upon a jury verdict finding them guilty of violations of 18 U.S.C. Secs. 2(a) & (b) (aiding and abetting), 371 (conspiracy), and 2313 (interstate transportation of stolen property). The charges were based upon their possession in Kentucky of a 1982 Peterbilt truck tractor stolen in Georgia in August 1982 and recovered from Harris' property on May 5, 1987 and of a 1986 Peterbilt truck tractor stolen in Tennessee on March 22, 1987 and recovered from a barn on Harris' property on April 15, 1987.
 
 
 2
 Identification numbers of the 1982 Peterbilt had been altered to match the identification numbers assigned to a 1981 Peterbilt which Harris had purchased as a wrecked vehicle and for which he had obtained a Kentucky title as an out-of-state transfer from its prior owner in Wisconsin, rather than as a vehicle reconstructed with parts of other vehicles. Kentucky law requires owners of reconstructed vehicles to provide documentation showing the source of the parts. See Ky.Rev.Stat.Ann. Sec. 186A.115(3)(c), (f) (Baldwin Supp.1988) and former Ky.Rev.Stat.Ann. Sec. 186.115 (Baldwin 1988).
 
 
 3
 Although appellants claimed that Terrill had been paid $100 to tow the truck into the barn by unknown persons, other evidence indicated that it had been backed into the barn under its own power and that painted writing had been sanded from its doors and other places.
 
 
 4
 The court, over the objection of the defendants, permitted two prosecution witnesses, Detective Bobby Motley and Special Agent Jeffrey Middleton of the National Auto Theft Bureau, to testify with respect to a 1982 blue Chevrolet El Camino Super Sport seized from Harris' property on August 12, 1987. Its identification numbers had been altered to match the numbers of a 1982 white El Camino which was not a Super Sport. Harris had purchased the white Chevrolet for $500 after it had caught fire while being driven on Kentucky Highway 15. He obtained a Kentucky title for it as an out-of-state transfer from its prior Missouri owner, rather than as a reconstructed vehicle. His title application reported its value as $5,250. The blue Chevrolet had not been in a fire.
 
 
 5
 In addition to the identification number plate located in plain view on vehicles, the number is also placed in a secondary or "secret" location. During the trial, Middleton drew pictures to illustrate obliterations and alterations of the secret identification number on the blue Chevrolet. The drawings were based upon impressions he had lifted by means of a special tape and ink. The impressions were not disclosed to defendants prior to trial.
 
 
 6
 Defendants object to all evidence relating to the two Chevrolets upon the grounds that the government failed to produce the impressions as required by a pretrial discovery order, and that evidence about the Chevrolets was not admissible under Fed.R.Evid. 404(b) and was unfairly prejudicial under Fed.R.Evid. 403. In addition, they contend that instructions to the jury were erroneous, and that the government made "prejudicially unfair" argument to the jury.
 
 
 7
 Fed.R.Crim.P. 16(a)(1)(D) requires the government to permit a defendant to inspect and copy or photograph any results or reports of physical examinations "which are material to the preparation of the defense or intended for use by the government as evidence in chief at the trial." Evidence in chief has been construed as evidence that is part of the government's "case in chief" as opposed to rebuttal evidence. See United States v. DiCarlantonio, 870 F.2d 1058, 1063 (6th Cir.1989); United States v. Givens, 767 F.2d 574, 582-83 (9th Cir.), cert. denied, 474 U.S. 953 (1985). Disclosure is justified because of the difficulty of testing expert testimony at trial without advance preparation and because it is unlikely that the evidence will be distorted or misused if disclosed. Fed.R.Crim.P. 16(a)(1)(D) advisory committee's note to 1974 amendment.
 
 
 8
 Since the government has failed to brief the issue, we assume it concedes that the impressions were discoverable. The trial court had wide discretion under Fed.R.Crim.P. 16(d)(2) to frame an appropriate order. See United States v. Glover, 846 F.2d 339, 341-43 (6th Cir.), cert. denied, 109 S.Ct. 533 (1988); United States v. Bartle, 835 F.2d 646, 649-50 (6th Cir.1987), cert. denied, 108 S.Ct. 1245 (1988). Here the trial court advised defendants it would consider continuing the trial if it was demonstrated that they required the assistance of experts. No such showing was made to the court.
 
 
 9
 Preclusion of important evidence is not a favored remedy and, in light of all of the evidence adduced against them at trial, defendants have failed to show any reason for believing either that (1) earlier government disclosure or (2) additional time for preparation after their discovery of the government's case at the trial, would have affected the outcome of the trial. See Glover, 846 F.2d at 342.
 
 
 10
 Defendants next dispute the district court's view that the evidence concerning the Chevrolets was relevant under Fed.R.Crim.P. 404(b).
 
 
 11
 Evidence of similar acts "should be admitted if there is sufficient evidence to support a finding by a jury that the defendant committed the similar act." Huddleston v. United States, 99 L.Ed.2d 773, 780 (1988). "[S]imilar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." Id. at 782. Here, defendants had possession of a blue Chevrolet whose identification numbers had been altered and obliterated and which had another vehicle's identification numbers plate attached to its dashboard. They had obtained that other vehicle for $500 and used its title documents to obtain a title for the blue Chevrolet which had a value far in excess of $500. That is the precise method they followed with respect to the 1981 and 1982 Peterbilts, and it could be inferred that they intended to follow the same method with the 1986 Peterbilt.
 
 
 12
 Defendants' states of mind could be ascertained only by drawing inferences from their conduct. Considered in the light of all of the evidence, the jury would have been justified in inferring the defendants' intent, plan, knowledge, and absence of mistake or accident from their similar acts. The acts occurred within a reasonable period of time after the crime charged, and the proper instructions by the court appropriately limited the use of that evidence.
 
 
 13
 The exclusion of relevant evidence under Fed.R.Evid. 403 is appropriate only where the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. United States v. Hans, 684 F.2d 343, 346 (6th Cir.1982). "In reviewing a decision of a trial court on this issue we must look at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." United States v. Brady, 595 F.2d 359, 361 (6th Cir.), cert. denied, 444 U.S. 862 (1979).
 
 
 14
 Defendants have not demonstrated that the court abused its discretion in concluding that the evidence was not unfairly prejudicial. No reasonable probability appears that the jury convicted the defendants for an offense not charged or was otherwise improperly influenced by the evidence. See generally 22 C. Wright & K. Graham, Federal Practice and Procedure Sec. 5215 (1978).
 
 
 15
 The district court instructed the jury that unexplained possession of stolen property was a circumstance from which it could draw a reasonable inference that defendants knew the property was stolen. The court further said that it was the exclusive province of the jury to determine whether such an inference should be drawn. The substance of the instruction was approved in Barnes v. United States, 412 U.S. 837, 840 n. 3 (1973). Defendants complain that the instruction placed the burden of proof upon them because it omitted a sentence from Barnes which reads: "However, you are never required to make this inference."[1]
 
 
 16
 That argument is not well-taken. Other parts of the instructions clearly and correctly informed the jury that the burden of proof was always upon the prosecution and that the defendant had no burden or duty of calling any witnesses or offering any evidence.
 
 
 17
 Nor can we say the district court erred when it instructed the jury that it could infer that a defendant had knowledge that the tractor was stolen if it believed beyond a reasonable doubt that the defendant had acted with reckless disregard for the truth. See United States v. Gullett, 713 F.2d 1203, 1212 (6th Cir.1983) (citing United States v. Seelig, 622 F.2d 207, 213 (6th Cir.), cert. denied, 449 U.S. 869 (1980)), cert. denied, 464 U.S. 1069 (1984).
 
 
 18
 Defense counsel's closing argument invited response by subtly and improperly referring to the prosecution's failure to indict defendants on charges pertaining to the blue Chevrolet. During rebuttal, the government's attorney responded:
 
 
 19
 I wish that it were possible that the United States could show where the blue El Camino came from. In federal court the jurisdiction is very limited. A vehicle has to cross state lines before it can be charged, and the Court will instruct you that is a necessary element--
 
 
 20
 It is improper to argue the existence of evidence not before the jury. See, e.g., United States v. Thomas, 728 F.2d 313, 320 (6th Cir.1984). However, "[t]o warrant a mistrial ... prosecutorial misconduct must be so pronounced and persistent that it permeates the entire atmosphere of the trial." Id. The trial court was in the best position to determine whether the prosecutor's remarks were appropriate in the light of the entire record, including abundant evidence from which the jury might legitimately have inferred that the vehicle was stolen. Accordingly, we find no reason to disturb its ruling.
 
 
 21
 The judgments of conviction are affirmed.
 
 
 
 *
 The Honorable George E. Woods, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The government's almost identical proposed instruction cites as one of its sources 1 E. Devitt & C. Blackmar, Federal Jury Practice and Instructions Sec. 15.29 (1877), which also omits the sentence